## George Galloway v. The State.

1. Theft—Explanation of possession.—Where the explanation given by the accused of the possession of stolen property found in his possession is such as to warrant a well-founded doubt of guilt, the defendant should be granted a new trial, the evidence of guilt being the bare possession of stolen property.
2. See facts insufficient to support a verdict of guilty of theft.

Appeal from Rusk. Tried below before the Hon. J. B. Williamson.

The defendant was convicted at May term, 1873, for theft from a house of a pipe of the value of two dollars; the punishment fixed at two years in the penitentiary.

The prosecution proved by A. D. Stroud that within twelve months next before the indictment he lost his pipe; had laid it on the counter in his store-house in Rusk county; that about half an hour afterwards he looked for the pipe, but could not find it; spoke of losing it to several persons at the time; several persons were in the store trading, passing in and out of the house; witness did not see the defendant in or about the store on the day the pipe was lost or stolen; the pipe was taken without his knowledge or consent; was worth two dollars; he never saw it afterwards till it was brought to him by J. A. Poe, a week

or ten days after the time he lost the pipe, when Poe brought it to witness.

Poe testified that defendant came into witness' family grocery a few days (less than a week) after he had heard Stroud had lost his pipe; that defendant was smoking a pipe he thought was Stroud's; witness offered to buy it; defendant said he would sell it; witness gave him a dollar's worth of cigars for it; defendant was smoking the pipe openly in the town of Henderson, walking up and down the streets; that Stroud, who had lost the pipe, was then doing business in the town of Henderson; defendant told witness first he "had found the pipe," but after talking awhile said he "had bought it of a negro whose name he did not know;" defendant at the time was drunk; witness went to Stroud and gave him the pipe, and told him of whom he got it on the same day he got it from defendant.

No counsel for appellant.

*Brown,* for the State.

Moore, Associate Justice.—The place and manner of the alleged theft; the character and value of the missing property supposed to be stolen; the facility with which it may have passed from one person to another without occasioning sufficient observation to enable appellant to prove or even remember the name of the person from whom he may have gotten it; the slight value he attached to it; the open manner with which he used and exhibited it in the immediate vicinity of the place where it was said to be stolen; the length of time which had elapsed after the pipe was missing until it was found in his possession, with his statement, when asked how and where he got it, that he bought it from a negro, whose name he did not now remember, if not sufficient to rebut all presumption of guilt arising from the bare proof of possession of the stolen

property, warrants at least such a well-founded doubt of appellant's guilt that the court below should have granted a new trial.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.