<hr />

POWELL VS. THE STATE.

34 693
56 518
34 693
58 102

1. LARCENY: *Conversion by servant of master's goods.*

The servant has a mere custody of the master's goods. His possession is that of the master. If he appropriates them to his own use, with intent to steal, it is larceny at common law. The trespass occurs when he changes his custody of his master's goods into an adverse possession in himself with a felonious intent.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Oliphint,* for appellant.

*Henderson, Attorney General, contra.*

EAKIN, J.   Appellant was indicted, tried and convicted of grand larceny, and sentenced to the penitentiary for one year.

It was shown that appellant was the general servant of S. N. Marshall, the owner of the property taken, which consisted of a lot of tools. They were kept in a room, partly used as a stable, in which a horse was kept, which it was appellant's duty to take care of. He had access to the tools at his pleasure, and the right, by virtue of his employment, to use them at any time; although no directions were given him to use them, nor was any occasion

shown for his using them.    He took them without the owner's consent, and *feloniously* converted them to his own use.    This is brought up by agreed statement, made part of the record in the bill of exceptions, and there was no other evidence.

The court refused, on prisoner's motion, to instruct the jury that if they believed he was a general servant of the owner, and, by virtue of his employment, had a general possession of and right to use the tools, and that if he took them away he would be guilty of embezzlement, and not of larceny.  But, on the other hand, of its own motion, did charge the jury that a servant could not commit the crime of *embezzlement* of property coming to him from the possession of the master, but that to constitute the crime the effects must "come to the servant first, in the course of his employment from the hands of another person, other than his master."

A new trial, for supposed error in refusing and giving instructions, was asked for and refused.

The possession of the servant is that of the master.  The former has a mere custody.  If he appropriates the property of the master to his own use, with intent to steal, it is larceny at common law.  The trespass occurs when he changes his custody of his master's property into an adverse possession in himself, with a felonious intent.  This remains the law under our statute, defining larceny as "the felonious stealing, taking, carrying, riding or driving away the personal property of another."  The evidence in this case made out the offense of "larceny," and the court properly refused the instructions asked.

Counsel for appellant urges that the statute has made that *embezzlement* in regard to the servant which before was larceny; and relies upon the case of *Fulton v. State, in*

*13 Ark.,* to show that the crimes must be distinctly charged, and that a conviction for *larceny* can not be had upon a state of facts which constitute the statutory crime of embezzlement.

Section 1367 Gantt's Digest provides, among other things, that if any servant of any private person or corporation " shall embezzle or convert to his own use, or shall take, make way with, or secrete with intent to embezzle or convert to his own use, without the consent of his master or employer, any money, goods, etc., * * * *belonging to any other person*, which shall have come to his possession, or under his care or custody, by virtue of such employment or office, he shall be deemed guilty of larceny, and, on conviction, shall be punished as in case of larceny."

This section was made also to apply to clerks, certain sorts of apprentices, officers and agents of incorporated companies, etc., and was manifestly intended to afford the protection of the penalties against larceny in cases which before were not so punishable, by declaring them cases of embezzlement and punishing them as if they were larceny.

It was not intended to change a crime, which had been larceny at common law, into another name, and require it to be indicted as " embezzlement."

We do not now adopt the instruction given by the court of its own motion as technically correct. The intention of the statute was to make many acts punishable as larceny which had been formerly only embezzlement. It is not confined to *servants*, and may embrace some cases where the property came to the possession of the agent, clerk or servant from the employer. This is the New York view of a similar statute. (*Bishop on Crim. Law*,

*sec. 366, 6th ed., n. 1.)* The exact scope of the statute will be considered when the occasion arises.

The instruction given in the case before us was speculative. There was no evidence of any other possession of the defendant than the mere custody of his master's tools. To steal them was plain larceny, and it was admitted he did. He was properly convicted, and no proper instruction would have justified any other verdict.

Affirm.