## FLEENER v. STATE.

Opinion delivered July 4, 1893.

1. *Embezzlement—Allegation of agency.*
   In an indictment for embezzlement by an agent an allegation that defendant was "the agent of the Pacific Express Company at Wheatley, Arkansas," is a sufficient averment of the agency.

2. *Description of money embezzled.*
   An indictment for embezzlement is not defective in failing to give a particular description of the money embezzled, where it states that the particular denominations and kinds of money embezzled are unknown to the grand jury.

3. *Ownership of property embezzled.*
   An indictment lies against an agent for converting to his own use the money of his employer, as well as for converting to his own use the money of any other person, which may have come into his possession or under his care by virtue of his employment; the words "any other person" in the statute (Mansf. Dig. sec. 1638) meaning any person other than the person guilty of the embezzlement.

4. *Proof of corporate existence—General reputation.*
   Corporate existence of the injured party may be proved by general reputation.

5. *Embezzlement—Felonious intent.*
   In a prosecution of an agent for embezzlement, where the only evidence relied upon to prove a felonious intent tended to establish that defendant had fraudulently concealed from his employer the fact of having received money belonging to him, it was error to refuse an instruction, in effect, that the mere failure of defendant to pay over to his employer the amount in his hands would not constitute the offense of embezzlement, that it must further appear that defendant had fraudulently concealed the amount in his hands belonging to his employer.

6. *Embezzlement—Settlement by bondsmen no defense.*
   It is no defense to a prosecution for embezzlement that defendant's bondsmen made good to his employer all losses suffered by reason of the alleged embezzlement.

Appeal from Saint Francis Circuit Court.

GRANT GREEN, JR., Judge.

*George Sibly* for appellant.

1.   The indictment is bad.   It does not directly or sufficiently charge that the defendant was the agent or clerk of an incorporated company; that he made way with money without the consent of his employer; that the money "*belonged to another person;*" that it "came to his possession by virtue of his employment."   12 Ark. 608.   It should have described the money.   48 Ark. 36; 51 *Id.* 119; *Id.* 114; 2 Bish. Cr. Law (9th ed), sec. 374; 6 Am. & Eng. Enc. Law, par. 4; 29 Ark. 68; 42 Ark. 517; 37 *Id.* 444; *Id.* 447; 54 *Id.* 611.   It should have charged that appellant received it "from another person."   2 Bish. Cr. Law, sec. 365-7; 6 Am. & Eng. Enc. Law, p. 477; 78 N. Y. 377.   Also the *intent* to injure and defraud.   6 Am. & Eng. Enc. Law, p. 496 *c.* and note 3.

2.   There was no proof that the Pacific Express Company was an incorporated company.

3.   It was error to refuse the second instruction. 2 Bish. Cr. Law, secs. 372 to 375, 376, 379; 6 Am. & Eng. Enc. Law, pp. 454-5, par. 2 and note 2.

4.   Appellant gave bond with a foreign guarantee company as surety—the company paid the amount claimed to be due; the State has now no interest in the matter.   6 A. & E. Enc. Law, p. 462 and note.   The statute was not intended to be a debt collector.   2 Bish. sec. 3-376, 374; 6 A. & E. Enc. Law, 469 and note, and p. 476, n. 3.

5.   The money was properly charged up to defendant on his books, and hence it was not embezzlement. 6 Am. & E. Enc. Law, p. 469, note 2 and 473 and note; 16 Neb. 179.

*James P. Clarke*, Attorney General, for appellee.

1.   The indictment follows closely sec. 1638, Mansf. Dig.   The word *money* has a definite legal meaning.

2 Bish. Cr. Law, sec. 357 ; 44 Tex. 620 ; Mart & Yerger (Tenn.), 129. A sufficient excuse was made for not particularly describing the money. 48 Ark. 40. The precise words of a statute need not be followed, a substantial compliance is sufficient. 47 Ark. 488. The words "any other person" mean any person other than the person indicted. 15 Wend. 147. The word "feloniously" sufficiently charges the *intent.* 1 Whart. Cr. Law, sec. 977 ; 34 Ark. 159 ; 50 N. W. Rep. 472.

BUNN, C. J. The defendant, A. W. Fleener, was indicted at the October term, 1892, of the St. Francis circuit court, for the crime of embezzlement ; at the March term, 1893, found guilty and sentenced to imprisonment in the penitentiary for the period of one year. Motions in arrest of judgment and also for a new trial were overruled, and appeal taken to this court.

The indictment, omitting formal parts, is as follows, to-wit : The said A. W. Fleener, on the 15th day of June, 1892, in the county of St. Francis, aforesaid, then and there being over the age of sixteen years, and being the agent of the Pacific Express Company, at Wheatley, Arkansas, said Express Company being a corporation organized and incorporated under the constitution and laws of the State of Nebraska, and doing business in the State of Arkansas and county of St. Francis ; and having in his possession as such agent as aforesaid, and then and there having come into his possession as such agent as aforesaid, two hundred and fifty-one dollars and sixty-four cents current money of the United States, the particular denominations and kind of which is to the grand jury unknown, the property of the Pacific Express Company, unlawfully, feloniously and fraudulently did make way with, embezzle and convert to his own use, without the consent of the Pacific Express Company as aforesaid, against the peace and dignity of the State of Arkansas."

To this indictment a general demurrer in short on the record was interposed.

Section 1638, Mansfield's Digest, under which the indictment presumably was found, is as follows, to-wit: "If any   *   *   *   officer, agent, clerk or servant of any incorporated company, or any person employed in such capacity, shall embezzle or convert to his own use, without the consent of his master or employer, any money, goods   *   *   *   belonging to any other person, which shall have come into his possession   *   *   *   by virtue of such employment or office, he shall be deemed guilty of larceny, and on conviction shall be punished as in cases of larceny."

The demurrer raises two or three questions as to the allegations of the indictment: first, that it is not explicit enough in alleging the agency of the defendant; secondly, that the money alleged to have been embezzled is not sufficiently described; thirdly, that it failed to allege that the money embezzled by him belonged to another person, meaning another person than the master; and, lastly, that the indictment does not allege that the money came into the possession of defendant by virtue of his employment.

The allegation that the defendant was " the agent of the Pacific Express Company at Wheatley, Arkansas," is sufficient. 1. Sufficiency of allegation of agency.

. The want of more particular and definite description of the money received and alleged to have been embezzled by the defendant is sufficiently excused by the recital that a more particular description was unknown to the grand jury, and this meets the requirement suggested in *State* v. *Ward*, 48 Ark. 36. 2. Description of money embezzled.

While the language of our statute (sec. 1638, Mansfield's Digest) is rather obscure, in so far as the words "belonging to another person" are concerned, and may seem to justify a different construction—the construc- 3. Ownership of property embezzled.

tion given by the English courts—yet, in view of the very nice and technical distinction between larceny and embezzlement, we are constrained to adopt the construction given to similar words in New York, Missouri and Minnesota, and hold that "another person means another person than the person guilty of the embezzlement," in contradistinction to the English rule, which holds that the same words mean "another person other than the master." *People* v. *Hennessey*, 15 Wendell, 147 ; *State* v. *Porter*, 26 Mo. 201 ; *State* v. *Kent*, 22 Minn. 41.

This is not in conflict with *Powell* v. *State*, 34 Ark. 693, which was an indictment against a general household servant, who, having the custody of some tools under the superior possession of the master, appropriated the tools to his own use. This was held to be larceny, and not embezzlement, and the decision is in accord with the weight of authorities. The same authorities hold that when the servant comes into possession of the property before the master, and his possession is by reason of his relation as such servant, and he appropriates it to his own use before it comes into the possession of the master, and while yet in his possession, the fraudulent appropriation thus made is embezzlement, and not larceny. See note 98 Am. Dec. 126–129.

The rule of construction in New York, Missouri and Minnesota, and perhaps other States, is considered necessary in order that there be not a *hiatus* in the law, as there would otherwise seem to be.

**4. Proof of corporate existence.** The objection that the proof of the corporate existence of the injured party is not sufficient, we think, was properly overruled. A mere *de facto* corporation, it seems, may be the victim of embezzlement. Evidence of general reputation of corporate existence is regarded as sufficient in such cases. *Burke* v. *State*, 34 Ohio St. 79 ; *Calkins* v. *State*, 98 Am. Dec. 121. And if the same

rule is to be applied in criminal as in civil cases, it would seem that one dealing with even an ostensible corporation, as such, is not permitted to deny its corporate capacity. *Town of Searcy* v. *Yarnell*, 47 Ark. 269; note to 79 Am. Dec. 437.

The State put in evidence the authenticated copies of articles of association and other papers alleged to have been necessary to the proper organization of such corporations in the State of Nebraska, and these are copied in the bill of exceptions. In a note to the bill of exceptions, as copied in the transcript, the clerk of the circuit court informs us that the statutes of Nebraska used in evidence had been taken out, and that he could not copy them in the transcript. So much thereof as pertained to the organization of corporations in that State and used as evidence should have been made part of the bill of exceptions, as they were part of the evidence in the case. Had we before us the copy used on the trial, in any other form than as part of the bill of exceptions, we could not legitimately make use of it. In the absence of this evidence, it is to be presumed that the action of the court in determining that the organization of the corporation thereunder was in conformity thereto is conclusive on us.

The defendant's own testimony sufficiently established the fact that he was the agent of the Pacific Express Company at Wheatley, Arkansas, and also that the company assumed to do business and was notoriously doing business, whether strictly according to law or not. It at least could be the victim of embezzlement, and a felonious deprivation of its property, it seems, ought to be the subject of our criminal law.

The third ground of the motion for new trial assigns as error the ruling of the circuit court in refusing to give to the jury the second instruction asked by the defendant. It is in words and figures as follows, to-wit:

5. Instruction as to felonious intent considered.

"The mere failure to pay over to the Pacific Express Company the money in his hands by defendant, at the proper time, would not, of itself, constitute the offense of embezzlement, but, to constitute embezzlement, it must appear that the defendant did retain money of the Pacific Express Company, that came to his hands by reason of his agency, by attempting to, in some manner, conceal from the company the fact that he was in possession of same, or by falsely and fraudulently keeping his accounts so as to prevent the company from knowing the defendant had it in his possession, and, the taking and receiving the same being lawful, the appropriation thereof must appear to have been felonious."

In order to show the felonious intent in cases like this, the weight of authority is to the effect that some kind or degree of concealment or acts misleading the master should be proven. Notes to *Calkins* v. *State*, 98 Am. Dec. 132–134; *Commonwealth* v. *Tuckerman*, 10 Gray, 173; 1 Wharton, Cr. Law, sec. 1030; *State* v. *Tompkins*, 32 La. An. 620; 13 Cent. L. Journal, 464.

Having failed to give any other, covering the same ground, the most important in the case, the circuit court should have given this instruction, under the peculiar facts of this case, with proper explanations of the nature of the offense, and the character of evidence admissible to prove the intent or want of intent with which the unlawful appropriation was made.

As the case will be reversed and remanded for this error, which indeed may have been a very grave one, we deem it proper not to speak further of the instruction, especially as applicable to the facts of the case.

6. Settlement by bondsmen no defense. The fourth ground of the motion for new trial is a novel one. The defendant contends that, having hired the guarantee company to make his bond for faithful

performance of duty to the Pacific Express Company, and that company having paid the express company for all losses claimed by it to have been suffered by reason of defendant's alleged embezzlement, therefore there was no-crime committed ; that the express company had no longer any interest at stake, and even that the State has no interest in the matter. In this the defendant is mistaken. This is no longer a controversy between himself and the two companies, or either of them, and has not been since he fraudulently appropriated the money of the express company, if indeed he did so appropriate it. It is now a controversy between the State of Arkansas and himself, which the State will not permit either one of the said companies to determine at present or in the future, nor will the State acknowledge the validity of any settlement of it, by any thing they both, or either of them, have done in the past.

We see nothing materially wrong in the rulings of the circuit court on other points not noted herein.

For its error in refusing the second instruction asked by the defendant, and not giving the same with proper explanation, as suggested, the judgment of the St. Francis circuit court in overruling defendant's motion for new trial is reversed, and the cause is remanded with direction to grant a new trial and proceed in accordance with this opinion.

Additional opinion of Battle, J.

The second instruction that-the defendant asked for should have been given. To constitute the offense with which he is charged, there must be an appropriation by one of the property of another, with a fraudulent or felonious intent to make it his own, and deprive the owners of dominion over the same. The fraudulent intent is essential to the offense. Without it there may be misconduct, but there will be no criminality. *State*

v. *Lyon*, 45 N. J. L. 272; *State* v. *Baldwin*, 70 Iowa, 180; *State* v. *Butler*, 21 S. C. 353; *Com.* v. *Hays*, 14 Gray 62; *Warmoth* v. *Com.* 81 Ky. 133; 2 Bishop, Criminal Law, sec. 372; 1 Wharton's Criminal Law (9th ed.), sec. 1009.

"The question * * whether any particular act of conversion was infected or accompanied by a fraudulent purpose is a question of fact to be passed upon by the jury. But the submission of that question to their determination ought to be accompanied with suitable instructions in the matters of law which pertain to it." *Com.* v. *Tuckerman*, 10 Gray, 173, 202; *People* v. *Galland*, 55 Mich. 628.

The evidence in this case tends to prove, substantially, among others, the following facts: The defendant was the agent of the Pacific Express Company, at Wheatley, in this State. As such agent, it was his duty to make monthly reports of the receipts of money by him in his capacity of agent, and remit the same to the company at Omaha, in Nebraska. In one month he received about $255. He reported that he had received $4.75 and said nothing about the remainder. He altered the books of the company so as to make it appear that he had forwarded the entire amount, changing the receipt of the express messenger to make it so appear. When he was detected, he admitted that he was "short," but failed to pay his indebtedness incurred on the account of the missing money. The receipt of the money which he failed to report, it seems, only appears in the alteration of the receipt book of the company, in which it is made to appear to have been sent to his principal.

The second instruction asked for by the defendant was suitable to this state of facts. The failure of the defendant to pay over to the Pacific Express Company the sum unaccounted for did not, in itself, constitute the

offense of embezzlement. *Rex* v. *Smith*, Russ. & Ryan, 267 ; *People* v. *Hurst*, 62 Mich. 276 ; *Chaplin* v. *Lee*, 18 Neb. 440 ; *State* v. *O'Kean*, 35 La. An. 901 ; 2 Bishop, Criminal Law, sec. 376. But if, having received it by virtue of his employment for transmission to the Express Company, he failed to pay it over, the fact that he concealed his possession of it from his principal, if true, was strong evidence of the commission of the offense. Such concealment might have been effected by false entries upon the books of the company, or by the failure to make any entry upon them at all, or by representations known to be untrue, or by failure to report the receipt of the money when it was his duty to do so, or by any device resorted to for the purpose of disguising the truth from the knowledge of his principal, and thus inducing it to rest in a false security. *Com.* v. *Tuckerman*, 10 Gray, 204 ; *Regina* v. *Jackson*, 1 C. & K. 384 ; 2 Bishop, Criminal Law, sec. 376–378.

But there is no prescribed set of circumstances by which a fraudulent conversion must be shown. If shown in any way, it is sufficient. The sufficiency must be left alone to the jury to determine, under the instructions of the court. The defendant's second instruction, technically, is not correct. It does not cover the whole law upon the subject ; neither was it intended to do so. But it does cover, substantially, all the evidence adduced tending to show a felonious intent ; and, for that reason, it should have been given with an explanation as to what was necessary to constitute a concealment. In the nature of the case, the intent must have been proved by the evidence adduced at the trial, or not at all.

Reversed and remanded.

Powell, J., being absent, did not sit in this cause.