Cox *v.* State.

Opinion delivered June 18, 1904.

1.  LARCENY—INSTRUCTIONS.—Failure of an instruction in a larceny case to tell the jury that the taking must have been with intent to steal may be cured by other instructions covering that point. (Page 545.)

2.  SAME—FAILURE TO INSTRUCT AS TO REASONABLE DOUBT.—Failure of the court to instruct that the guilt of the accused must be shown by proof beyond a reasonable doubt is not cured by an instruction that "the defendant's previous good character, if proved, is a circumstance to be considered by you in his favor; if, however, though you believe he had such previous good character, nevertheless, if you believe him guilty of the offenses charged beyond a reasonable doubt, you should find him guilty." (Page 545.)

Appeal from Clay Circuit Court.

ALLEN N. HUGHES, Judge.

Reversed.

*F. G. Taylor,* for appellant.

To constitute larceny there must be a wrongful taking and a felonious asportation or conversion. 13 Ark. 168; 32 Ark. 238; 2 Bish. New Cr. Law, § § 839, 882; 75 S. W. 1080. No larceny was committed. 2 Bish. New Cr. Law, 837, 882. The intent must exist at the time of the taking. 13 Ark. 168; 32 Ark. 238.

*George W. Murphy, Attorney General,* for appellee.

The court properly charged the jury. 1 Clark, Cr. Law, § 571.

WOOD, J. The appellant was convicted of grand larceny.

The proof tended to show, on behalf of the state, that he took a pocketbook out of the coat pocket of a carpenter who was working on a house and had his coat containing the pocketbook hanging up in the house where he was working. The pocketbook contained three $10 bills. The proof on behalf of the defendant tended to show that the pocketbook was found by another than appellant, who gave it to appellant, and that appellant received the pocketbook for the purpose of finding the owner of the money.

There was ample evidence to support the verdict of the jury.

We find no reversible error in any of the instructions given by the court. Taken altogether, they correctly set forth the law applicable to the facts. While the second construction does not tell the jury that it is essential that the taking should be with intent to steal, the third and fifth cover that phase of the case, and, taken together, clearly explain that to constitute larceny it is essential that the taking be with a felonious intent, i. e., *"animo furandi."*

The appellant asked the court to give the following: "You are instructed that the opinion of the prosecuting attorney that the defendant is guilty should not be considered by you. It does not matter what his opinions may be, before you can find the defendant guilty, you must believe he is guilty beyond a reasonable doubt from the evidence as testified by the witnesses in the case."

This was a correct instruction, and should have been given. The seventh instruction given by the court conveys the same idea so far as the opinions of attorneys are concerned, but it does not cover the proposition that, before the jury can find the defendant guilty, they must believe his guilt established by the evidence beyond a reasonable doubt. We do not find that the court in any of its instructions told the jury that the guilt of the accused must be shown by the proof beyond "a reasonable doubt." The court in some of its charges should have told the jury plainly that the defendant was entitled to the benefit of every reasonable doubt, and that, unless his guilt was shown beyond a reasonable doubt, they should acquit. The eighth instruction on character hardly

covers the point we are making. It is as follows: "The defendant's previous good character, if proved, is a circumstance to be considered by you in his favor; if, however, though you believe he had such previous good character, nevertheless, if you believe him guilty of the offenses charged beyond a reasonable doubt, you should find him guilty." The concluding clause, "nevertheless, if you believe him guilty of the offense charged beyond a reasonable doubt, you should find him guilty," is hardly tantamount, we think, to an affirmative declaration by the court that the defendant's guilt must be established by the evidence beyond a reasonable doubt before he could be convicted.

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.