BROWN *v.* STATE.

Opinion delivered May 19, 1913.

1. CRIMINAL LAW—INDICTMENT—SUFFICIENCY—VARIANCE.—Defendant was indicted for grand larceny for stealing property from the "St. Louis Southwestern Railroad Company." *Held.* Where the railroad company is known by a number of names in the locality where the crime was committed, there is no variance between the indictment and proof, where the proof tended to show that the property stolen was the property of the "St. Louis Southwestern Railway Company." (Page 338.)

2. LARCENY—OWNERSHIP OF PROPERTY—CORPORATION—EVIDENCE.—Where defendant is indicted for larceny, if a corporation is alleged as

owner of the property stolen, only its *de facto* existence need be
shown in evidence.   (Page 339.)

3.   LARCENY—ALLEGATION OF OWNERSHIP—PROOF.—Where defendant is
     indicted for grand larceny for stealing shoes, the allegation that
     "the shoes were the property of the St. Louis Southwestern Rail-
     road Company" is sufficient to warrant proof that the railroad
     company had possession of the shoes as bailee.   (Page 340.)

4.   LARCENY—ALLEGATION OF OWNERSHIP—COMMON CARRIER.—When de-
     fendant is charged with larceny, when the property is in the
     possession of a common carrier, it is proper in the indictment to
     charge ownership in the common carrier, for its possession as
     bailee is sufficient to warrant an allegation of ownership in the
     carrier.   (Page 340.)

5.   CRIMINAL LAW—JOINDER OF OFFENSES.—Under Kirby's Digest, § 2231
     charges against defendant of receiving stolen goods, and grand
     larceny may be laid in one indictment.   (Page 341.)

6.   CRIMINAL LAW—ARREST OF JUDGMENT.—A motion to arrest judg-
     ment is properly overruled when the indictment  in apt language
     charges a public offense and defendant was convicted of one of
     the offense charged.   (Page 341.)

Appeal from Lafayette Circuit Court; *Charles W.
Smith,* Special Judge; affirmed.

*D. L. King,* for appellant.

The indictment is defective.   It fails to allege
from whom the goods were stolen.   There is a variance
between the indictment and evidence.   Nor does the in-
dictment charge that the railroad company is a corpora-
tion.   Kirby's Dig., §§ 2231-2.

*Wm. L. Moose,* Attorney General, and *John P.
Streepey,* Assistant, for appellee.

1.   There is no variance.  It is not necessray to
prove a charter.   41 Tex. 215.

2.   If a corporation is alleged as owner, only its
*de facto* existence need be shown.   3 Bishop, New Cr. Pl.,
§ 752 (2) ; 54 Atl. 683 ; 19 Cal. 598 ; 76 Ga. 551 ; 58 Ark. 19.

3.   Proof of possession by the railroad company is
sufficient.   25 Cyc. 89, note 94; 64 Vt. 405; 58 Ala. 391;
134 *Id.* 159; 60 Atl. 1117; 73 Ark. 32.

4.   The motion to require the State to elect was
properly overruled.   71 Ark. 574; 100 *Id.* 196.

Wood, J. The appellant was convicted of the crime of receiving stolen property, and sentenced to one year in the penitentiary. The indictment (omitting formal parts), is as follows:

The grand jury of Lafayette County, in the name and by the authority of the State of Arkansas, accuse the defendant, Brooks Brown, of the crime of grand larceny, committed as follows, towit: The said defendant, on the 10th day of February, 1913, in Lafayette County, Arkansas, six (6) pairs of men's shoes, of the value of $5 per pair, the property of the St. Louis Southwestern Railroad Company, feloniously did steal, take and carry away, against the peace and dignity of the State of Arkansas.

The grand jury of Lafayette County, in the name and by the authority of the State of Arkansas, accuse the defendant, Brooks Brown, of the further crime of knowingly receiving stolen goods, committed as follows, towit: "The said defendant, on the 10th day of February, 1913, in Lafayette County, Arkansas, six (6) pairs of men's shoes, of the value of $5 per pair, then and there lately before then, unlawfully and feloniously stolen, taken and carried away; did then and there, unlawfully have and receive, with the intent to deprive the true owner thereof, he, the said Brooks Brown, then and there, well knowing that the said six pairs of men's shoes had been so unlawfully and feloniously stolen, taken and carried away, as aforesaid. The crime charged in this count being the same as the crime charged in the first count of this indictment, but charged in a different mode, against the peace and dignity of the State of Arkansas."

The indictment alleges that the shoes were the property of the St. Louis Southwestern Railroad Company. The proof tended to show that the shoes, at the time the same were stolen, were in the possession of the St. Louis Southwestern Railway Company. Appellant contends that proof that the shoes were in the possession of the St. Louis Southwestern Railway Company, was not proof that they were in the possession of the St. Louis Southwestern Railroad Company, and that therefore, there

was a fatal variance between the allegation of ownership and the proof thereof.

The appellant also contends that there was no evidence that the railroad company was a corporation, and that therefore, there was no proof of ownership of the property, as made in the indictment. There was evidence tending to prove that there were only two railroad companies at the town of Stamps, where this offense is shown to have been committed, one being the Louisiana & Arkansas Railroad, and the other, the St. Louis Southwestern Railway Company. It was shown that the St. Louis Southwestern Railway Company was generally known as the "St. Louis & Southwestern," the "St. Louis Southwestern Railway Company," the "St. Louis Southwestern Railroad Company" and the "Cotton Belt;" that if you called it by any one of these names, persons living in the community would understand what railroad was meant.

The statute provides: "That no indictment is insufficient, nor can the trial, judgment or other proceedings thereon, be affected by any defect which does not tend to the prejudice of the substantial right of the defendant on the merits."

The alleged variance here, between "Railway Company" and "Railroad Company," did not prejudice the substantial rights of the defendant on the merits. The allegation was sufficient to advise appellant of the name of the owner of the goods which he is alleged to have received. In *Price* v. *State,* 41 Tex. 215, 216, it was held not to be necessary to "set out the charter in the indictment, or allege it to be a chartered company, otherwise than by naming it." In *Calkins* v. *State,* 18 Ohio St. 366, it was held "That the corporate character of the party injured might be proved by reputation, and that it was only necessary to show a corporation *de facto."* See also, *Fleener* v. *State,* 58 Ark. 98; *Burke* v. *State,* 34 Ohio St. 81; *State* v. *Savage,* 60 Pac. (Ore.) 610, 616.

It was sufficient to meet the requirements as to ownership to show that the St. Louis Southwestern Railroad Company or Railway Company was doing business

at the town of Stamps, and that it had the possession of the shoes at the time that they were alleged to have been stolen, and it was generally known by that name. "If a corporation is alleged as owner, only its *de facto* existence need be shown in evidence." 3 Bish., New Crim. Proc., section 752 (2).

In *McCowan* v. *State,* 58 Ark. 17, the indictment charged that the allegation of ownership was that the articles stolen were the property of "W. L. C. & Co.," and we held that this was not a sufficient allegation of ownership, because it showed that the goods stolen were owned by a firm or partnership—a joint ownership, and in such cases it is necessary that the names of the several persons who compose the firm, or who constitute the joint owners, should be stated. But that case is different from this, because here the allegation shows that the property was owned by the railroad company, which is a sufficient allegation of the corporate character of the alleged owner, and shows on its face that it was not the property of a partnership or joint owners.

In *State* v. *Rollo,* 54 Atl. 683 (N. J. Law), it was held that, "An indictment alleging a larceny of goods from a designated corporation, need not specifically allege that the owner of the goods was a corporation, it being sufficient to allege the name by which the corporation was generally known."

It is contended by appellant that there was no proof of ownership of the goods alleged to have been stolen, because it was not shown that the railroad company owned the shoes, and there was no allegation that it held the same as bailee. The allegation that, "The shoes were the property of the St. Louis Southwestern Railroad Company," was sufficient to warrant proof that the railroad company had possession of the shoes as bailee.

"The allegation of general ownership is sufficient to allow proof of special ownership." *Merritt* v. *State,* 73 Ark. 32. Where one is in possession of goods as a common carrier, it is proper to charge ownership in the common carrier, for his possession as bailee is sufficient to

warrant an allegation of ownership in him. See 25 Cyc. 89, cases cited in note 94.

The court told the jury that appellant could not be convicted under this indictment for both crimes of grand larceny, and knowingly receiving stolen goods, that there is only one offense charged in the indictment, and that they could only convict him on one offense. The instruction was not technically correct, because the appellant was charged with the offense of grand larceny and also the offense of knowingly receiving stolen property. But there was no prejudicial error in the court's charge to the jury, because, under section 2231 of Kirby's Digest, the separate and distinct offenses of grand larceny and knowingly receiving stolen goods, could be joined in one indictment, and the evidence was amply sufficient to sustain the verdict finding the defendant guilty of the offense of knowingly receiving stolen property, of which the jury convicted him.

The statement in the indictment that only one offense was charged, was surplusage, and the court, in embodying this language in its charge, meant no more than that under the proof in the case, the appellant could be convicted of only one offense—that of either grand larceny, or knowingly receiving stolen goods, but that he could not be convicted of both.

Appellant's motion to require the State's attorney to elect, was properly overruled, as the offenses could be joined in one indictment. Sec. 2231, of Kirby's Digest. The motion to arrest the judgment was also properly overruled, because the indictment, in apt language, did charge a public offense, and the appellant was convicted of one of the offenses with which he was charged. *Jones* v. *State,* 100 Ark. 195.

Finding no error, the judgment is affirmed.