## RIDGEL *v*. STATE.

## Opinion delivered January 12, 1914.

1. LARCENY—DESCRIPTION OF PROPERTY STOLEN.—Where an indictment charged defendant with stealing a "dark Jersey bull," the term *dark* describes no distinctive or particular color and proof that the animal was a "red-looking yearling," and a "Jersey-looking yearling," is sufficient to meet the description and identify the animal alleged to have been stolen. (Page 608.)

2. LARCENY—ELEMENTS OF.—In order to convict for larceny, there must be a felonious taking and also a felonious asportation or carrying away of the property. (Page 609.)

3. LARCENY—FELONIOUS TAKING—EVIDENCE.—Where defendant was indicted for larceny for stealing a Jersey bull, evidence held sufficient to show that defendant reduced the animal to his possession, and his acts in selling the same to one C held to constitute a felonious taking. (Page 609.)

4. LARCENY—FELONIOUS ASPORTATION.—Where defendant is charged with the crime of stealing a Jersey bull, he can not be convicted of larceny when the proof fails to show that defendant was present taking part in the asportation of the animal. (Page 610.)

5.  OBTAINING MONEY UNDER FALSE PRETENSES—EVIDENCE.—When defendant was indicted for larceny of a bull, but could not be convicted because he was not present and taking part in the asportation of the animal, defendant may be guilty of obtaining money under false pretenses, when he had obtained possession of the animal, and sold the same, receiving money therefor. (Page 611.)

Appeal from Drew Circuit Court; *H. W. Wells,* Judge; reversed.

### STATEMENT BY THE COURT.

The appellant was convicted of the crime of grand larceny, the indictment alleging that he "did feloniously steal, take and carry away one dark Jersey bull," the property of T. A. McCandless.

The evidence shows that McCandless lost a "shabby heavy-set yearling, with long hair," the calf of a cow that was "part Durham and part Jersey. The yearling was running in the field that Leander's house was in, and did not run on the outside." One witness described it as a "yellow Jersey yearling."

Lee Chatham testified as follows: "About the 8th or 9th of May, Leander came to my house hunting for a yearling. There was a little bull yearling there, and I asked him if he wanted to sell it. He said no, that he had another one down in the old field that he wanted to sell. After dinner, we went down to the old field, and he showed me this yearling, and I bought it, paying four dollars for it. The yearling was standing there, and he pointed it out as his yearling. It was a male yearling. I turned the yearling over to McCandless when he identified it."

There was testimony on behalf of the appellant tending to show that the yearling that he sold to Chatham was given to him by McCandless, and that he sold it, believing that he was the owner.

The appellant asked the court to instruct the jury to acquit him, which the court refused, and appellant duly excepted to the ruling of the court. Appellant also set up in his motion for a new trial, and contends in his brief, that the verdict was contrary to the evidence.

The court also gave an instruction in regard to the weight and credibility to be given to the testimony of the accused, to which the appellant duly excepted.

Appellant also complains because the court did not tell the jury that it was necessary to show that appellant took actual possession of the animal, which involved the complete assumption or physical control over the same, before he could be convicted.

The court instructed the jury that if they found that the appellant "took possession of and sold the animal described in the indictment to Chatham with the intent to convert it, or the proceeds, to his own use and deprive McCandless of it," they would find the appellant guilty as charged.

*Patrick Henry*, for appellant.

1. A *particular* description in an indictment, while unnecessary, must be proven as alleged. 71 Ark. 415.

2. Selling a steer on the range is not larceny. 25 Cyc. 18-21. The asportation must be proved.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

1. A yellow Jersey is a dark Jersey. A mixture of Jersey and Durham necessarily produces a dark-colored animal. This the court judicially knows.

2. There is no error in the instructions. 77 Ark. 334-6.

WOOD, J., (after stating the facts). 1. The appellant himself testified that the yearling he sold Chatham was "a little old red-looking thing—kind of Jersey looking yearling." The testimony of appellant, in connection with the testimony of the other witnesses, was sufficient to show that the animal which he sold to Chatham and which he is alleged to have stolen, was a "dark Jersey bull." The term *dark* describes no particular or distinctive color. It could be used in connection with any of the primary colors. It simply means a deep shade of color, which expresses the absence of light shade of color. The terms "yellow Jersey male yearling," "Jersey-look-

ing yearling,'' and ''red-looking yearling'' were sufficient to meet the description and to identify the animal alleged to have been stolen.

2. Our statute defines larceny as ''the felonious stealing, taking and carrying, riding or driving away the personal property of another.'' Kirby's Digest, § 1821. Under this statute there must be not only a felonious taking, but also a felonious asportation or carrying away of property in order to make the offense of larceny complete.

Larceny under our statute is substantially the same as at common law. See Blackstone's Commentaries, § 230; Hawkins' Pleas of the Crown, ch. 33, § 1; *State v. Brewington,* 78 Atl. 402; Wharton's Criminal Law, vol. 2, § 1095; 25 Cyc. p. 22; 2 Bish. New Crim. Law, § 758.

The animal alleged to have been stolen was placed by its owner, McCandless, in the custody of the appellant. For McCandless testified that he took him down to the place just before Christmas, and ''it was understood that he (appellant) was to look after the stock.''

When appellant went with Chatham to the old field, and showed him the yearling and sold it to him, appellant took possession of the animal and delivered it to Chatham.

In *Cummings* v. *Commonwealth,* 6 Ky. Law Rep. 32, the facts were that C., having agreed to sell a sow and pigs to S., pointed out as his a sow and pigs that belonged to F. S. paid C. for them and drove them off. It was held that C. could be indicted for larceny, as he was guilty of the act of feloniously taking through S. as his instrument.

In *Doss* v. *State,* 21 Tex. App. 505, 57 Am. Rep. 618, it was said: ''The manual possession—actual handling —does not appear to be essential in the case of animals even in common law larceny.'' Citing 2 Bishop's Crim. Law, § 813. The appellant assumed to be the owner of the animal and came into possession and control of the same sufficient to deliver the same to Chatham by taking Chatham to the old field where the animal was, and

pointing same out to him. Chatham treated this as a delivery. He says appellant "surrendered to me the calf;" and his testimony shows that he afterward put the yearling in his pasture, and "turned same back to McCandless." This testimony is sufficient to show that the appellant reduced the animal to his possession, and his fraudulent acts, as disclosed by the testimony, were sufficient to constitute a felonious taking. See *Coombes* v. *State*, 17 Tex. App. 259; *Hall* v. *State*, 41 Tex. Rep. 289.

3. To constitute larceny there must be a felonious asportation of the goods as well as a felonious taking. *Henderson* v. *State*, 79 Ark. 333. Is the testimony sufficient to show an asportation by the appellant?

Chatham testified that after he bought the yearling from appellant, that McCandless "claimed the calf," and that he brought about three or four different parties to identify it, and he "turned the yearling back to McCandless." McCandless' testimony showed that when this was done, the yearling was in Chatham's pasture. This testimony was sufficient to warrant a finding that Chatham put the animal in his pasture and "turned it back to McCandless." The asportation was therefore complete, but the undisputed evidence shows that appellant was not present when this asportation took place.

In *Henderson* v. *State, supra,* Henderson sold some lumber to one Harris. The lumber was the property of Oliver & Hudson. Harris caused the lumber to be hauled away. Henderson was not present when this was done. The court said: "There is a total dearth of evidence to connect Henderson with the carrying away of the lumber. * * * The question narrows, then, to whether the evidence of Harris that Henderson sold this lumber to him of itself is sufficient to sustain a conviction for larceny. * * * The sale to Harris, if a good sale, authorized Harris to have the lumber hauled away. Henderson was not present permitting or consenting to the hauling other than by the implied authorization to it. * * * The sale may have been a crime against Harris in obtaining money from him for the sale of property not his." The

question was "whether this sale of itself made larceny when Harris, not Henderson, caused the lumber to be taken; and manifestly it did not."

The above case rules the present one on the issue of asportation.

Mr. Wharton says: "In larceny a party can not be convicted as a principal unless he were actually or constructively present at the taking or carrying away of the goods. His previous consent to or procurement of the caption and asportation will not, at common law, make him a principal." 2 Wharton's Crim. Law, § 1165.

Our statute makes one who counsels, advises, or encourages an infant, lunatic, or idiot to commit an offense, a principal and punishes him as such. Section 1555, Kirby's Digest. Also a married man who, by violence, threats, commands or coercion, causes his wife to commit a crime is a principal. Section 1556. But these are the only instances under our law where one as principal, though absent, may commit a crime through an innocent agent.

The act of carrying away the animal in controversy was that of Chatham, and not of appellant, and the act of Chatham in carrying the animal away was not fraudulent, but honest, he having bought and paid for it. See *B. Hardeman* v. *State,* 12 Tex. App. 208.

The instruction of the court concerning the weight and credibility of the testimony of appellant has been often approved by this court. See *Hudson* v. *State,* 77 Ark. 334, and cases there cited.

As the proof fails to show that appellant was present taking part in the asportation of the animal, there is no evidence to sustain the verdict. The evidence, however, was sufficient to warrant a finding that appellant was guilty of obtaining money under false pretenses under section 1689 of Kirby's Digest, construed by this court in *State* v. *Vandimark,* 35 Ark. 396; also in *Shelton* v. *State,* 96 Ark. 236.

The judgment is therefore reversed and the cause is remanded with directions to quash the indictment and

to hold appellant on a charge of false pretenses, and refer the same to the grand jury for investigation.

Smith, J., dissents.