KELLEY *v*. STERN PUBLISHING & NOVELTY COMPANY.

Opinion delivered February 14, 1921.

1.  EVIDENCE—EXISTENCE OF CORPORATION.—In an action in which defendant denied that plaintiff. was a corporation, testimony of plaintiff's officer and manager was competent to prove plaintiff's corporate existence, and that defendant dealt with it as such.

2.  CORPORATIONS—EXISTENCE—EVIDENCE.—In an action in which defendant denied plaintiff's corporate existence, testimony of plaintiff's manager was competent to prove plaintiff was a *de facto* corporation and that defendant had dealt with it as such in incurring the liability on which the suit was based.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

It was error to permit the witness, Rudinger, to testify that the Stern Publishing & Novelty Company was a corporation. The corporate existence of a corporation is a matter of record, and the best evidence must be introduced, and a certified copy of the articles of incorporation should have been introduced. 7 R. C. L. 102; 28 Ark. 263; 107 *Id.* 56.

*J. N. Rachels,* for appellee.

Parol evidence may be introduced to prove the existence of a corporation. 3 Enc. of Ev., p. 604; Elliott on Corp. (4 ed.) 52. Appellant dealt with appellee as a corporation, and he can not be heard now to dispute its corporate existence. 47 Ark. 281. See, also, 58 Ark. 102; 97 *Id.* 251; 138 *Id.* 267, 275. There is no law that says that the method pointed out by our statute is the only way corporate existence can be proved.

McCULLOCH, C. J.  Appellee sues as a corporation organized and doing business in the State of New York, and its cause of action is based on an account for merchandise alleged to have been sold and delivered to appellant, who was engaged in the business of selling merchandise, especially military novelties, at or near Camp Pike.  The answer contained a denial that appellee is a

corporation as alleged in the complaint. There was a trial of the issues before a jury, and the verdict was in favor of appellee for the full amount of the account sued on.

The only assignment of error presented on this appeal relates to the ruling of the court in allowing parol testimony to be admitted to establish the corporate existence of appellee. The court admitted the testimony of witness Rudinger, who stated that he was one of the officers and the manager of appellee's business, and that appellee was a corporation organized under the laws of the State of New York, and was doing business at a certain place in the city of New York. He also testified that appellee was engaged in the business of manufacturing and selling military novelties and that the bill of goods described in the account against appellant was sold to appellant and shipped to him. The witness exhibited with his testimony numerous letters which passed between appellee and appellant with respect to the sale of the goods. We are of the opinion that the testimony of witness Rudinger was competent.

We have decided in criminal cases that parol evidence of general reputation is competent, under certain circumstances, to establish the existence of a corporation. *Fleener* v. *State,* 58 Ark. 98; *Brown* v. *State,* 108 Ark. 336; *Turner* v. *State,* 109 Ark. 332.

It has also been held by this court that in actions by or against corporations the parties dealing with a *de facto* corporation are estopped to deny its legal existence. *Bank of Midland* v. *Harris,* 114 Ark. 344; *Wesco Supply Co.* v. *Smith,* 134 Ark. 23. That view is supported by the weight of authority, and it is held that parol evidence that a putative corporation was acting as such or was dealt with as such in a given instance was admissible. 3 Ency. of Ev. 604; 4 Elliott on Corporations, p. 52.

The testimony of witness Rudinger was sufficient to establish the fact that appellee is a *de facto* corporation and that appellant dealt with it as such in incurring

the liability upon which the present suit is based. We are of the opinion, therefore, that the court did not err in admitting this testimony. It was, as before stated, sufficient to warrant the verdict of the jury.

Judgment affirmed.