## SMALLEN *v.* STATE.

### Opinion delivered June 8, 1925.

1. EMBEZZLEMENT—INDICTMENT—INTENT.—In a prosecution for embezzlement, an indictment was not demurrable for failure to allege an intent to deprive the employer of its money if, when read as a whole, it clearly charged such intent.

2. CONTINUANCE—FAILURE TO USE DILIGENCE.—A continuance for an absent witness alleged to be sick was properly denied for lack of diligence where the defendant did not procure a subpoena for the witness until the day before the case was set for trial and the sheriff was unable to serve same, and it did not appear how sick the witness was.

3. EMBEZZLEMENT—INSTRUCTIONS AS TO INTENT.—In a prosecution for embezzlement, instructions *held* to cover the question of intent.

4. EMBEZZLEMENT—FRAUDULENT INTENT.—It is essential to the crime of embezzlement that there be a fraudulent intent on the part of a fiduciary to convert property of another to his own use.

Appeal from Cross Circuit Court; *G. E. Keck,* Judge; affirmed.

*J. C. Brookfield* and *S. A. Gooch,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the circuit court of Cross County, criminal division, for the crime of embezzlement, and adjudged to serve a term of two years in the State Penitentiary as a punishment therefor, from which is this appeal. The indictment was entered on the 10th day of September, 1924, and is as follows:

"The grand jury of Cross County, in the name and by the authority of the State of Arkansas, accuse Thomas O. Smallen of the crime of embezzlement, committed as follows, viz: In the county aforesaid, on the 19th day of November, 1923, the said Thomas O. Smallen, then and there being above the age of sixteen years and then and there being the clerk, servant, employee, agent, and bailee, and by virtue of his employment as such, having delivered and entrusted to his possession, care, and custody $1,864.70 in gold, silver, and paper money of the United States, of the value of $1,864.70, the property of the said Bank of Vanndale, did then and there unlawfully, fraudulently, and feloniously embezzle and convert to his own use said $1,864.70 without the consent of said owners, bailors, and employers; against the peace and dignity of the State of Arkansas."

The cause was continued and set for trial on the 1st day of February, 1925, and, at plaintiff's request, was passed until the 6th day of February, 1925. On the day before the trial, appellant filed a motion for a continuance, which he amended on the day of the trial. The motion, in substance, alleged that John W. Brawner, who was in attendance at court until February 4, 1925, and whom appellant expected to use as a witness, left at that time for his home in Leachville, in Mississippi County, where he was detained by illness; that, as soon as appellant heard of his absence, he obtained a subpoena for him, which the sheriff served by telephone; that the testimony of Brawner was material and necessary to his defense, setting out in detail the facts to which he would swear, if present. In support of the motion, appellant introduced the clerk of the court, the sheriff of the county, and himself.

E. L. Cooper, the clerk, testified that appellant applied to him after office hours on February 4 for a subpoena for John W. Brawner, whereupon he requested the sheriff to proceed as if he had a subpoena, promising to issue it the morning of the 5th, which he did.

H. E. Proctor, the sheriff, testified that he telephoned on the night of the 4th of February in an effort to serve

the subpoena, but failed to get Brawner, and that he had taken no further steps in the matter.

Appellant testified that he called Brawner over the telephone and received information that he was sick in bed and could not come to the phone; that he did not know Mr. Brawner was going to leave town at the time he left.

The court, after hearing the testimony detailed above, overruled appellant's motion for continuance over his objection and exception.

Appellant then filed the following demurrer to the indictment, which was also overruled over his objection and exception, to-wit: "That the facts stated in the indictment do not constitute a public offense, nor are the statements of facts sufficient to charge the crime of embezzlement under the laws of the State of Arkansas."

The testimony introduced by the State in the trial of the cause tended to show that appellant was interested in a gin company at Sikestown, Missouri; and, in the operation of same, embezzled $1,864.70 of the bank's money by drawing a draft in that sum for the bank on November 19, 1923, on the Farmers' Gin at Sikestown, which draft was never paid by said gin company, but was returned unpaid and found in the bank when its doors were closed.

The testimony introduced by appellant tended to show that he was not interested in said gin, but that loans were regularly made to it by the bank with the approval of the board of directors just as the other loans were made, and that the draft in question was drawn in an effort to collect part of the indebtedness the gin company owed the bank.

Appellant relies for a reversal of the judgment upon the following assignments of error; first, that the court erred in overruling appellant's demurrer to the indictment; second, that the court erred in refusing to grant a continuance on account of the absence of witness J. W. Brawner; third, that the court erred in refusing to give instructions Nos. 1, 2, and 3, requested by appellant.

(1) Appellant contends that the indictment is fatally defective because it does not allege intent to deprive the bank of its property. It is true the word "intent" does not appear in the indictment, but this was unnecessary as the language used, when read as a whole, clearly charges appellant with such intent. This point was settled adversely to appellant's contention in the case of *Kent* v. *State,* 143 Ark. 439, wherein an indictment identical with this in all essentials was upheld.

(2) The contention of appellant that the court erred in refusing to grant a continuance on account of the absence of witness J. W. Brawner is without merit, because appellant failed to show that he exercised proper diligence to procure the attendance of the witness. He did not ask for a subpoena for the witness until after office hours on February 4, and did not secure its issuance until February 5. At that time the witness was in an adjoining county, and the sheriff was unable to get in communication with him over the telephone. Appellant telephoned and ascertained that the witness was sick. Just how sick is left to surmise. Appellant should have gotten out a subpoena for the witness and had it served at an earlier date. He had ample time to do so, but took a chance of using J. W. Brawner as a witness without resorting to process until it was too late to get him in time for the trial. Due diligence was not shown. The law requires that a defendant exercise proper diligence to secure the attendance of his witnesses. *Sheptine* v. *State,* 133 Ark. 239.

(3) The three instructions requested by appellant which the court refused to give are as follows:

1. "Unless you find from the evidence that the defendant actually used or caused to be used the money charged to have been embezzled for his own benefit, your verdict should be for the defendant."

2. "You must be convinced beyond a reasonable doubt that the defendant converted the money alleged to his own use, or to the use of some one for him with the specific intent to deprive the true owner of the benefit of such money before you can convict in this case."

3. "If you find from the evidence that the bank, through its officers, was advised and knew of the transactions and use of moneys alleged to have been embezzled, you will find for the defendant."

Appellant does not seriously contend in his brief that instructions Nos. 1 and 2 were not fully covered by the instructions which the court gave. The fact is they were fully covered by the court's instructions to the jury. Appellant strenuously insists that none of the instructions given by the court covered the point of the necessity of the intent on appellant's part to commit the crime of embezzlement. It is true that an essential of the crime of embezzlement is a fraudulent intent on the part of a fiduciary to convert the property of another to his own use. *Fleener* v. *State,* 58 Ark. 98. We think the instructions given by the court make that plain. The statute defining embezzlement was read to the jury, which provides that the fiduciary committing the crime must do so with the intent to convert the property to his own use. Again, the court told the jury that "the essence of this crime is the taking or using the money of another person, without his consent and against his will, fraudulently." Again, the court told the jury that in order to convict appellant, it must be necessary for them to find that he unlawfully, fraudulently, and feloniously embezzled and converted to his own use said $1,864.70 without the consent of the owners thereof. And again, the court told the jury "that if the board of directors of the Bank of Vanndale knew about the transaction as it was going on, knew about this loan having been made, or was being made, and knew that this money was being paid out, and consented to the said paying out of such funds or to the making of said loan, then the defendant would not be guilty of any crime."

We do not see how, with these instructions as a guide when the issue of fact was so clearly drawn, the jury could have convicted appellant without finding that he converted the money to his own use with an intent to deprive the bank of it.

No error appearing, the judgment is affirmed.