MEADORS v. STATE.

Opinion delivered July 12, 1926.

1. CORPORATIONS—PROOF OF EXISTENCE.—Where, in a larceny case, a corporation is alleged to be the owner of stolen property, proof of its de facto existence is sufficient.

2. CORPORATIONS.—Where a corporation is alleged to be the owner of stolen property, an employee's testimony that he knew it was a corporation was admissible to prove its corporate character, as the fact of corporate existence may be proved by reputation or by the oral testimony of a witness who has knowledge of the fact.

3. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence held sufficient to support a conviction of grand larceny.

4. CRIMINAL LAW—QUESTIONS FOR JURY.—The credibility of witnesses and the weight of their testimony are for the jury.

5. LARCENY—INSTRUCTION.—An instruction to find the defendant guilty if he "did unlawfully and feloniously steal, take and carry away," etc., was not defective in failing to add "with the intent to steal."

6. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Refusal of an instruction covered by one given was not error.

7. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.— Refusal of an instruction on circumstantial evidence was not error where the State did not rely upon evidence of that character for conviction.

Appeal from Sebastian Circuit Court, Sebastian District; *John E. Tatum,* Judge; affirmed.

*Roy Gean,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The appellant was indicted in the Sebastian Circuit Court in two counts for the crimes of burglary and grand larceny. He was tried on both counts, and convicted of the crime of grand larceny and sentenced to one year's imprisonment in the State Penitentiary. From that judgment he appeals. We will dispose of the assignments of error for reversal in the order in which they are presented by counsel for the appellant.

1. The second count of the indictment charged that the money alleged to have been stolen was the property of the Gibson Oil Company, a corporation. Leon Johnson testified that he was employed at the filling station which was operated by the Gibson Oil Company; that the Gibson Oil Company is a corporation; that the appellant took the money belonging to the Gibson Oil Company out of the cash drawer, where it was kept at the Speedway Filling Station in Fort Smith. Counsel for appellant contends that the above testimony was not competent to prove that the Gibson Oil Company is a corporation. In the case of *Brown* v. *State,* 108 Ark. 336, 339, 157 S. W. 934, we held, quoting from 3 Bishop's New Criminal Procedure, § 72, that "if a corporation is alleged as owner, only its *de facto* existence need be shown in evidence." See 7 R. C. L., p. 103, paragraph 79.

We have held in several cases that the existence of a corporation may be proved by general reputation. See *Fleener* v. *State,* 58 Ark. 98, 23 S. W. 1; *Pearrow* v. *State,* 146 Ark. 182, 225 S. W. 311; *Kelly* v. *Stearns Pub. & Novelty Co.,* 147 Ark. 383, 227 S. W. 609. These cases do not hold that the existence of a corporation may not be proved by oral testimony of a witness who has knowledge of the fact. Here the *de facto* existence of the corporation was proved by the testimony of Leon Johnson, to the effect that he knew that the Gibson

Oil Company was a corporation, and that it operated the filling station and owned the money which appellant took. In 3 Ency. of Evidence, p. 604, the rule is stated as follows: "In criminal prosecutions for offenses charged to have been committed upon the property of a corporation, the fact of corporate existence may be proved by reputation, or by the oral testimony of a witness who has knowledge of the fact." See also *Reid* v. *State,* 15 Ohio, 217; *Norton* v. *State,* 74 Ind. 337.

2. Counsel urge that the testimony was not sufficient to sustain the verdict. Leon Johnson, who was operating the filling station, testified in substance that, after opening the filling station about 6:40 or 6:45 A. M., he put the change in the money drawer, and had his back to the door when he opened same, looked around, and there was a fellow standing there. He came in and drew his gun, and witness realized what was up. He faced witness, and told him to put his hands up, and kept his mouth closed tight, and nodded to witness two or three times. He then said to witness, "Stand still," when witness discovered his gold tooth, his light eyelashes and blue eyes. These attracted witness' attention. The gold tooth was in his upper jaw on the right side of his mouth. He had a cap on, and it looked as if he had taken the stopper to an ink bottle and dotted it around under his eyes. Witness was in a position to see the person closely. A big bright light was hanging in the center of the station. The witness was then asked, "Is this the man here?" (indicating the defendant), and answered, "Yes sir." He was asked, "You are positive that he is the man?" and answered "I would be safe in saying positive—could not be mistaken."

Several witnesses for the appellant testified to the effect that the appellant was seen at certain places on Friday morning, which would have made it physically impossible for him to have been present and to have robbed the filling station operated by Leon Johnson in Fort Smith at 7 or 7:02 o'clock A. M., that morning, as testified to by Leon Johnson. The credibility of all these

witnesses and the weight of their testimony was for the jury. Certainly the testimony of the witness Johnson for the State was sufficient to justify the jury, if they credited his testimony, which they did, in returning a verdict of guilty against the appellant. This testimony proving the identification of the appellant was something more than mere suspicion or conjecture. It was the positive statement that Johnson recognized the appellant, and he stated the facts establishing the identification.

3. The court gave the following instruction: "The court further instructs the jury, if you believe from the evidence, beyond a reasonable doubt, that the defendant Bob Meadors, in the district, county and State aforesaid, $13.36 gold, silver or paper money, the property of the Gibson Oil Company, a corporation, unlawfully and feloniously did steal, take and carry away, then you should convict the defendant of grand larceny; otherwise you should acquit him on this charge." The appellant interposed a general objection to this instruction. Counsel insist that the instruction is inherently defective because it does not contain the phrase, "with the intent to steal," after the words "unlawfully and feloniously did steal, take and carry away." It will be observed that the court told the jury, in the above instruction, that it was necessary for them to find from the evidence, beyond a reasonable doubt, that the appellant did "unlawfully and feloniously steal, take and carry away," etc. It is wholly unnecessary, after the use of these words, for the court to have added the words "with the intent to steal." To have added them would have been useless redundancy, because, if the appellant "feloniously did steal, take and carry away" the money, he necessarily did so with the *animo furandi* essential to constitute larceny. See *Cox* v. *State*, 72 Ark. 544, 81 Ark. 1056.

4. The appellant prayed the court to instruct the jury as follows: "You are instructed that, while the burden of showing an alibi is on the defendant, but if, on the whole case, the testimony raises a reasonable doubt that the defendant was present when the crime was com-

mitted, he should be acquitted. The burden in the whole case is upon the State to prove, beyond a reasonable doubt, that the defendant was present and committed the offense as alleged in the indictment.'' The subject-matter of this instruction was fully covered by instruction No. 6, which the court gave in the language of an instruction approved by this court on the defense of alibi in *Ware* v. *State*, 59 Ark. 379, 386, 392, 27 S. W. 485, and many subsequent cases.

5. The appellant prayed the court to instruct the jury as follows: ''You are instructed as a matter of law that, when a conviction for a criminal offense is sought upon circumstantial evidence alone, the prosecution must not only show beyond a reasonable doubt alleged facts and circumstances are true, but they must show by such facts and circumstances as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the defendant, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the defendant.'' The court refused this prayer, and the appellant duly excepted to that ruling. The ruling of the court was correct. The State did not depend for conviction upon circumstantial evidence, and the instruction really had no place in the case. Furthermore, the court fully covered the subject-matter of the rejected prayer by its instruction No. 7.

6. We have already disposed of the contention that the testimony was not sufficient to sustain the verdict and that the court should have granted the appellee's prayer for a peremptory instruction at the conclusion of the testimony in the whole case.

7. The court gave instruction No. 9 in regard to the testimony of the defendant and the weight to be given his testimony. This instruction followed the language that has been approved by this court in numerous cases since *Vaughan* v. *State*, 58 Ark. 353, 24 S. W. 885, where we held that the giving of such instruction, although not to be approved as a precedent, was nevertheless not reversible error. An instruction in this form has been

brought before this court in many subsequent cases, but we have never changed the ruling in *Vaughan* v. *State supra.*

The record presents no reversible error, and the judgment is therefore affirmed.