SHERRILL *v.* STATE.

Opinion delivered May 21, 1928.

*I. S. Simmons,* for appellant.

*H. W. Applegate,* Attorney General, for appellee.

HART, C. J. Andrew Sherrill prosecutes this appeal to reverse a judgment of conviction against him for stealing cattle.

The first assignment of error is that there is a variance between the cattle as described in the indictment and the evidence in the case. The indictment charges the defendant with stealing cattle which are

specifically described as to color, earmarks and brands. The testimony for the State identified the cattle charged to have been stolen by color and brand, but the earmarks, as testified to by the owner of the cattle, differed in some respects from the earmarks as described in the indictment. We think the description of the cattle by color, marks and brands, in the testimony of the prosecuting witness, which fully correspond with the color, marks and brands described in the indictment, was a substantial compliance with the rule of this court that the descriptive allegations of the identity of stolen property as laid in the indictment must be established by proof. *Fletcher* v. *State,* 97 Ark. 1, 132 S. W. 918; and *Ridgell* v. *State,* 110 Ark. 606, 162 S. W. 773.

It is next insisted that the court erred in instructing the jury on the question of alibi. We do not deem it necessary to set out the instruction. It is substantially in the same form as the instruction given in *Ware* v. *State,* 59 Ark. 379, 27 S. W. 485. As said in that case, when the instruction is carefully considered, it does not intimate any opinion of the court upon the weight of the evidence, nor does it tend in any manner to disparage the testimony introduced by the defendant to prove an alibi. Moreover, the court fully and fairly instructed the jury upon the doctrine of reasonable doubt, and the instructions given fully and fairly presented the respective theories of the State and of the defendant to the jury. *Smith* v. *State,* 162 Ark. 458, 258 S. W. 49; and *Meadors* v. *State,* 171 Ark. 705, 285 S. W. 380.

It is also insisted that the court erred in refusing to instruct the jury that Dewey and T. D. McEntire were not one and the same person. The indictment charges the defendant with stealing cattle which were the property of "Dewey (T. D.) McEntire." The testimony of Algy Bennett shows that T. D. and Dewey McEntire were one and the same person. There is no question but what some one stole the cattle of T. D., or Dewey, McEntire. The defendant, as above stated, inter-

posed the defense of an alibi, and that was the principal issue of fact to be determined by the jury. Hence we hold that the court did not err in refusing to give the instruction asked for.

We have carefully examined the record, and find no prejudicial error in it. The evidence adduced by the State, if believed by the jury, warranted a verdict of guilty. It follows that the judgment must be affirmed.