## THE PEOPLE v. ALEXANDER T. HURST.

*Criminal law—Embezzlement—Felonious intent must distinctly appear—*
*Mere failure to pay over money intrusted to respondent for investment—*
*Insufficient to constitute the offense—If an intent to cheat and deceive*
*the owner is not plainly apparent.*

To constitute the offense of embezzlement it must *distinctly* appear that the respondent has acted with felonious *intent*, and made an *intentionally* wrong disposal, indicating a design to *cheat* and *deceive* the owner. A mere failure to pay over money intrusted to him as agent for investment is not sufficient if this intent is not *plainly* apparent. *People v. Galland*, 55 Mich. 628.

Exceptions from recorder's court of Detroit. (Swift, R.) Argued June 23, 1886. Decided July 1, 1886.

Embezzlement. Respondent was convicted. Conviction quashed, and court advised to discharge the prisoner. The facts are stated in the opinion.

*James J. Brown* (*William B. Jackson*, of counsel), for respondent.

*Moses Taggart*, Attorney General, for the People.

CAMPBELL, C. J. Respondent was convicted of embezzling $275, alleged to have been put in his hands by one Lena J. Smith as her agent. Respondent was a lawyer, and also engaged more or less in renting houses. Mrs. Smith formed his acquaintance while seeking to rent a house. She got him to lend $400 for her, which he did on mortgage. She further said she had $1,100 more to lend. He said he had a place for $700, which he actually lent on first mort-

gage. He also showed her a letter from a man who had a parcel of 40 acres of land to sell, and he wanted her to give him the money to buy it, as he knew of a purchaser who would buy at an advance. She handed him $400 to buy the land, and said he might have the profit. He told her where the land was, but she could not remember, and did not testify upon that point. This was on March 31, 1882. The embezzlement is charged as of that day.

About the middle of April she saw him at his house, intoxicated. She asked him for her papers, and if he had invested the money, and he shook his head, and said he had been "on a drunk." She asked for her money, and he gave her $100, and a chattel mortgage which he owned for $25. She asked him if that was all he had, and he said it was, and promised to pay the balance in a month or two, and asked her to wait on him. She called on him frequently, and in the fall he conveyed to her 40 acres of land in Cheboygan county as security until he could pay her. He said he was selling some land for a lady in Springwells; and, if he succeeded, his commissions would exceed his debt to her, and he would pay her, and she could return the deed, which she need not record, but he would pay for recording. She agreed to wait on him, and hold the deed as security a little longer, until he could sell the 25 acres referred to. She subsequently dunned him frequently, and, finding he had an interest in a patent right, asked him to assign that to her as security, which he did.

There was some other testimony which was material, in favor of defendant, on which his counsel made some points, which we do not now think it necessary to decide.

In our opinion, the testimony did not make out a case of embezzlement. Before that offense can be made out, it must distinctly appear that the respondent has acted with a felonious intent, and made an intentionally wrong disposal, indicating a design to cheat and deceive the owner. A mere failure to pay over is not enough if that intent is not plainly apparent. This was decided in *People v. Galland,* 55 Mich. 628. See, also, *Reg. v. Norman,* 1 Car. & M. 501; *Reg. v.*

*Creed,* 1 C. & K. 63 ; *Rex v. Hodgson,* 3 Car. & P. 422 ; 2 Russ. Cr. 182 ; 2 Bish. Crim. Law, §§ 376, 377.

In this case there was nothing indicating concealment or a felonious disposition. A candid admission was made at once on inquiry, and partial payment was made and security given at different times, when asked. The debt was admitted and recognized as a debt on both sides. Whatever wrong may have been done, there was no embezzlement proven.

The conviction must be quashed, and the court below advised to discharge the prisoner.

The other Justices concurred.