PEOPLE *v.* JACOBS.

CRIMINAL LAW — LOTTERY — INFORMATION — DEFECTS CURABLE BY
AMENDMENT—MISCARRIAGE OF JUSTICE.
    A conviction under 3 Comp. Laws 1915, § 15050, for aid-
    ing in the setting up, etc., of a lottery or gift enter-
    prise, where defendant's counsel admitted that defendant
    aided or assisted in carrying out the contract, will not be
    reversed by the Supreme Court for failure to allege in
    the count under which conviction was had that the lottery
    or gift enterprise was for money or property, in view
    of the fact that the information might have been amended
    under 3 Comp. Laws 1915, § 15749, had objection thereto
    been made, and that the court is not satisfied that there
    has been a miscarriage of justice (3 Comp. Laws 1915,
    § 14565).

Error to superior court of Grand Rapids; Dunham
(Major L.), J. Submitted June 15, 1922. (Docket
No. 94.) Decided July 20, 1922.

Louis Jacobs was convicted of promoting a lottery,
and sentenced to imprisonment for 6 months in the
county jail together with a fine of $1,000. Affirmed.

*Bartel J. Jonkman,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney, and *Erde
W. Hoogsteen,* Assistant Prosecuting Attorney (*Fred
P. Geib,* of counsel), for the people.

MOORE, J. The defendant was convicted under the
second count of an information, which count reads as
follows:

"And the said prosecuting attorney, who prose-
cutes as aforesaid, further gives this court to under-
stand and be informed, that heretofore, to-wit, on the
18th day of February, A. D. 1921, and on divers other

days and times, to wit, between September 1, 1920, and July 20, 1921, at the city of Grand Rapids, in the county aforesaid, one Louis Jacobs unlawfully did then and there aid and was concerned in the setting up, managing and drawing of a lottery and gift enterprise against the form of the statute in such case made and provided and against the peace and dignity of the people of the State of Michigan."

Upon the trial the following colloquy occurred:

"If there is no dispute upon this question of fact I will dispose of this case on the law right now. If it is admitted by you that this defendant aided and assisted in carrying out that contract I will dispose of the case right now.

"*Mr. Jonkman:* Well, we will admit he aided or assisted in carrying out the contract. * * *

"*The Court:* Now the two important counts there are the first and second counts. Do I understand you to concede that the respondent was engaged in that business as charged in the second count?

"*Mr. Jonkman:* Yes, your honor, aided and concerned in, that was the total of it. * * *

"*The Court:* But you admit that in the way this business was stated to have been conducted, the respondent did aid and assist him in that business?

"*Mr. Jonkman:* Yes, as alleged in the second count."

The statute involved (3 Comp. Laws 1915, § 15050) reads:

"SECTION 1. Every person who shall set up or promote, within this State, any lottery or gift enterprise for money, or shall dispose of any property, real or personal, goods, chattels or merchandise or valuable thing by the way of lottery or gift enterprise, and every person who shall aid, either by printing or writing, or shall in any way be concerned in the setting up, managing or drawing of any such lottery or gift enterprise," * * *

It is claimed the word "such" requires that the lottery or gift enterprise shall be for money or property and that as there is no reference to either in the second count it is fatally defective.

The attorneys for the people concede that the count does not contain the allegation to which counsel refer but concludes with the words "Against the form of the statute in such case made and provided." Counsel invoke the aid of section 14565, 3 Comp. Laws 1915, which reads:

"SECTION 1. No judgment or verdict shall be set aside or reversed, or a new trial be granted by any court of this State in any case, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless, in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

If counsel had said to the court in the colloquy we have quoted that the second count was defective, as it did not mention money or property, the count would have been amended as of course (3 Comp. Laws 1915, § 15749), and this suggestion should have been made. We think the curative statute was intended to apply to cases like the instant one.

There has been a full trial upon the merits. We are not satisfied there has been a miscarriage of justice. *People* v. *Corsi,* 216 Mich. 69.

The other assignments have been considered, but we think it unnecessary to discuss them.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.