PEOPLE v. BELZ.

1. Embezzlement—Corporation President—Agent and Servant—
   Information—Statutes.

   President of corporation, who drew check on company's money in bank and converted proceeds to his own use, was properly charged with embezzlement as agent, servant, and employee under 3 Comp. Laws 1929, § 16980, where, as president, he had no control over company's money in bank, but by special resolution of board of directors he was authorized to draw checks for corporate purposes.

2. Same—Felonious Intent.

   Defendant's contention that felonious disposition is not established because he caused transaction to be entered and openly carried as charge against himself in corporation's books, is untenable, where it was without knowledge or consent of any of company's officers.

3. Same—Intent to Repay.

   That defendant intended to repay money when its taking was discovered does not remove criminality from act in taking it without corporation's consent.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 15, 1932. (Docket No. 199, Calendar No. 35,906.) Decided March 2, 1932.

Carl Belz was convicted of embezzlement. Affirmed.

*Atkinson, Ortman & Shock (Frank W. Atkinson,* of counsel), for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

McDonald, J. The defendant has appealed from a judgment of conviction on a charge of embezzlement. At the time the offense is alleged to have been committed, he was president and general manager of the Marx Brewing Company, a Michigan corporation. As such he received a stipulated salary. By resolution of the board of directors, he was authorized to withdraw funds from the bank for corporate purposes upon checks signed by himself as president. In this manner, on February 21, 1928, he drew a check for $1,695 payable to the order of Ochs, Crowley & Horger, automobile dealers, of Dearborn, Michigan. This check was paid out of the company's funds. It was not for corporate purposes, but was used in payment of an automobile which defendant purchased in his own name and for his own use. On February 23, 1928, he caused the amount represented by this check to be entered in the books of the corporation as a charge against himself. It was never paid. The facts are not in dispute.

The information was drawn under Act No. 48, Pub. Acts 1927 (3 Comp. Laws 1929, § 16980), which

defines embezzlement by agents, servants, and employees. It is charged in the information that the money alleged to have been embezzled by the defendant came into his possession as agent, servant, and employee of the Marx Brewing Company, and, in that capacity, he fraudulently disposed of it and converted it to his own use. The defendant contends that he was not the agent, servant, or employee of the company; that the property embezzled did not come into his possession as such; that it came into his possession as president of the company; that the president of a corporation is not an agent, servant, or employee within the meaning of the statute, and that therefore he is not guilty of the crime charged.

With this contention we are unable to agree. The question is not whether the president of a corporation comes within the scope of the statute. We need not consider the general status of officers and directors of incorporated companies; for, in this case, the defendant's authority to withdraw corporate funds upon his check did not arise from his position as president. It was expressly conferred on him by resolution of the board of directors. He was made the agent of the company to handle its funds. As president he had no control over the money in the bank. He was employed by the directors of the company to manage its business, subject to their supervision, and was empowered to draw checks for corporate purposes. For these services he was paid a stipulated salary. Nothing further was necessary to create the relation of master and servant. The fact that he was also president did not alter this relation. He was given powers and duties that did not belong to the president. He was employed and paid for certain services, and in respect to them his relation was the same as though he had no official

connection with the corporation. He was an agent, servant, and employee of the corporation within the meaning of the statute. The court did not err in holding that he was properly informed against under an applicable statute.

Equally untenable is the defendant's contention that felonious disposition was not established because he caused the transaction to be entered and openly carried as a charge against himself in the books of the corporation.

It is true the books show that $1,695 was charged against the defendant in February, 1928, and was carried as a debit entry until March, 1930. An audit in March revealed this charge and others totaling $10,000. These charges and the transactions which gave rise to them were without the knowledge and consent of the board of directors or any other of the officials. They were not known except to the defendant until they were uncovered by the audit. If there had been an honest intent on the part of defendant in using the corporation money for his own purposes, it would seem that he would have obtained permission from the directors to have it charged against him on the books. The defendant was not a witness on the trial, and, in the absence of any explanation by him, it may be said that the entry indicates an intention to repay the money when it was discovered; but that would not remove the criminality from the act in taking it without the consent of the corporation and converting it to his own use. *People* v. *Butts*, 128 Mich. 208.

We find no error. The judgment of conviction is affirmed.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.