PEOPLE v. HOPPER.

1. INDICTMENT AND INFORMATION—STATUTES.
    It is not necessary that an information indicate the particular section or even the statute upon which the case rests.

2. SAME—STATUTES—PLEADING.
    Language used in information charging embezzlement, which renders it applicable to statute in force on date when crime is alleged to have been committed *held,* not drawn under a repealed statute (Act No. 328, §§ 174, 175, Pub. Acts 1931).

3. EMBEZZLEMENT—SOLDIERS RELIEF COMMISSION—AGENT—INDICTMENT AND INFORMATION.
    Member of county soldiers relief commission who converted funds under control of the commission to his own use was properly charged with embezzlement as agent, although as an individual

member he had no control over such funds, since in handling them he acted as its agent, was paid a salary for such services and was subject to the direction of the commission (Act No. 328, §§ 174, 175, Pub. Acts 1931).

4. CRIMINAL LAW—EMBEZZLEMENT—STATUTES.

Contention that because county soldiers relief commission is not specifically named in statute providing penalty for embezzlement, conviction of member, also an agent thereof, may not be sustained *held*, untenable (Act No. 328, §§ 174, 175, Pub. Acts 1931).

5. EMBEZZLEMENT—DEMAND.

In prosecution of charge of embezzlement under Act No. 328, § 175, Pub. Acts 1931, proof of demand for moneys, alleged to have been converted by accused, *held*, unnecessary.

6. SAME—INTENT.

Mere failure to pay over moneys belonging to another, without a felonious intent, is not embezzlement.

7. SAME—CONCEALMENT—DEMAND—EVIDENCE—INTENT.

Concealment or absence thereof, refusal to pay at time provided in contract or on demand, or demand or lack of it, are not essentials of offense of embezzlement or defense thereto but merely circumstances bearing on intent (Act No. 328, §§ 174, 175, Pub. Acts 1931).

8. SAME—INSTRUCTIONS—PROOF REQUIRED.

Under Act No. 328, § 174, Pub. Acts 1931, defining embezzlement by an agent, fraudulent intent must be shown and under section 175, defining embezzlement by a public officer, proof required is that accused ''knowingly and unlawfully converted to his own use,'' hence defendant, a member of a county soldiers relief commission who handled its funds, claiming prosecution should have been under latter section instead of former, may not complain of charge of court requiring that prosecution must prove beyond a reasonable doubt that accused did ''feloniously and with intent to steal appropriate the money to his own use.''

9. INDICTMENT AND INFORMATION—SUFFICIENCY—AMENDMENT—MISCARRIAGE OF JUSTICE.

Information charging embezzlement of funds by agent of non-existent ''county soldiers and sailors relief'' which could have been cured of error by amendment showing ownership of funds by county *held*, sufficient to sustain conviction where no motion

to quash information was made, there has been a full trial upon the merits, and Supreme Court is not satisfied there has been a miscarriage of justice (Comp. Laws 1929, §§ 854, 855, 858, 17290, 17354, Act No. 328, §§ 174, 175, 490, Pub. Acts 1931).

10. EMBEZZLEMENT—EVIDENCE—INTENT—OTHER OFFENSES.

In prosecution for embezzlement by agent of county soldiers relief commission where defendant was charged with embezzlement of a specific sum, testimony of other transactions of like character at about the same time *held*, properly admitted for its bearing on question of intent in view of statute permitting it even though it might show or tend to show commission of another prior or subsequent offense by defendant (Comp. Laws 1929, §§ 854, 855, 858, 17320, Act No. 328, §§ 174, 175, Pub. Acts 1931).

11. CRIMINAL LAW—EMBEZZLEMENT—FAIR TRIAL.

Member of county soldiers relief commission charged with embezzlement of public funds under control of the commission *held*, to have been accorded a fair trial in view of evidence presented and charge given (Comp. Laws 1929, §§ 854, 855, 858, 17290, 17320, 17354, Act No. 328, §§ 174, 175, 490, Pub. Acts 1931).

Appeal from Ingham; Collingwood (Charles B.), J. Submitted October 17, 1935. (Docket No. 128, Calendar No. 38,223.) Decided January 31, 1936.

Merle Hopper was convicted of embezzlement. Affirmed.

*Seymour H. Person* and *Barnard Pierce,* for appellant.

*Harry S. Toy,* Attorney General, *Dan D. McCullough,* Prosecuting Attorney, and *Benjamin F. Watson,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J. The material part of the information upon which defendant was convicted of embezzlement, reads:

"That, heretofore, on to-wit: the 1st day of April, A. D. 1934, at the city of Lansing and in the county

of Ingham aforesaid, one Merle Hopper, late of the city of Lansing and county of Ingham aforesaid, being then and there an agent of the Ingham County Soldiers and Sailors Relief, and not being then and there an apprentice or other person under the age of 16 years, did then and there receive and take into his possession by virtue of said agency, the sum of $74.10, the property of the said Ingham County Soldiers and Sailors Relief, did then and there embezzle and fraudulently convert to his use, with intent to cheat and defraud the said Ingham County Soldiers and Sailors Relief; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.''

Appellant's assignment of error and statement of questions involved are discussed in the briefs under the following headings:

1. The court should have directed a verdict of not guilty and discharged the respondent because of the repeal of the statute under which the information was drawn; because of a fatal variance between the information and the proofs; because there was no proof of the *corpus delicti* and no proof of an embezzlement or a conversion.

2. The court erred in permitting testimony to be introduced in reference to the so-called Cahill check, and other claimed ''intent transactions.''

3. Errors in the charge of the court.

It is not necessary that an information indicate the particular section or even the statute upon which the case rests. *People* v. *Murn*, 220 Mich. 555. The information filed September 10, 1934, charges appellant with a violation of the law on April 1, 1934. Its language is applicable to both sections 174 and 175 of the Michigan penal code, Act No. 328, Pub. Acts 1931, hence it was not drawn under a repealed statute.

Defendant, who was chairman of the Soldiers and Sailors Relief Commission, argues that he cannot be charged as an agent. We discussed a similar argument in *People* v. *Belz,* 257 Mich. 302. The money, in question, was under the control of the commission of which defendant was a member, but in handling of funds he acted as its agent, performing the same duties that might have been rendered by any other employee or agent; he was paid a salary for such services and was subject to the direction of the commission.

To argue that the conviction cannot be sustained because the commission is not specifically named in the statute is to say that no one could be guilty of embezzlement of its funds under any circumstances.

"This was certainly never the intention of the legislature in passing the statute creating the crime." *People* v. *Converse,* 74 Mich. 478 (16 Am. St. Rep. 648).

Appellant misconstrues the "demand" language of section 175 of the code. It states:

"In any prosecution under this section the failure, neglect or refusal of any public officer to pay over and deliver to his successor all moneys and property which should be in his hands as such officer, shall be *prima facie* evidence of an offense against the provisions of this section."

The people concede no demand was made and we believe none was necessary.

"The mere failure to pay over moneys belonging to another, without a felonious intent, is not embezzlement. *People* v. *Hurst,* 62 Mich. 276; *Fleener* v. *State,* 58 Ark. 98 (23 S. W. 1). Such matters as concealment or its absence, refusal to pay at the time provided by contract or on demand, or demand

or lack of demand, pointed out in some cases as indicating commission of crime or constituting a defense, are not to be taken as declared essentials of the offense or defense but merely as circumstances bearing upon the intent. *Hanna* v. *Minnesota Life Ins. Co.*, 241 Mo. 383 (145 S. W. 412)." *American Life Ins. Co.* v. *U. S. Fidelity & Guaranty Co.*, 261 Mich. 221.

The people state in their brief that the prosecution was under the general section, 174, and appellant says the prosecution, if any, should have been under the public officer section, 175, Michigan penal code. Under the latter section, proof is required that the accused knowingly and unlawfully appropriated to his own use, etc., while under the former it is necessary to show fraudulent intent. We quote a portion of the court's charge to the jury:

"The sole question for you to determine is this, did Merle Hopper feloniously and with intent to steal appropriate the money to his own use? If from the evidence and beyond a reasonable doubt you find he did feloniously appropriate this money to his own use, he is guilty as charged. If you cannot so find, he is not guilty. In determining this question, you will be governed only by the evidence that has come to you from this witness stand. You have seen the witnesses and you have heard the testimony. You are the sole judge of the facts and neither the court nor the attorneys can interfere with your duty."

It is difficult to understand how defendant was harmed when the trial court held the people to a higher degree of proof.

Act No. 328, § 490, Pub. Acts 1931, provides:

"All moneys which shall come into the hands of any officer of the State, or of any officer of any

county, or of any township, school district, highway district, city or village, or of any other municipal or public corporation within this State, pursuant to any provision of law authorizing such officer to receive the same, shall be denominated public moneys within the meaning of this act.''

The funds in question were raised by a county tax (1 Comp. Laws 1929, § 854) and were, therefore, county funds. Defendant was appointed to his office by the probate judge (1 Comp. Laws 1929, § 855), and the commission of which he was a member is required by section 858 to ''make to the board of supervisors at its October session in each year, a full report of its doings and the amount of relief money on hand,'' etc.

''It shall be the duty of every officer charged with the receiving, keeping, or disbursing of public moneys to keep the same separate and apart from his own money, and he shall not commingle the same with his own money, nor with the money of any other person, firm or corporation.'' Act No. 328, § 490, Pub. Acts 1931.

''No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.'' 3 Comp. Laws 1929, § 17354.

The claimed error in the information as to the ownership of the moneys could have been cured by amendment under the provisions of section 17290, but defendant's counsel did not move to quash the information.

"There has been a full trial upon the merits. We are not satisfied there has been a miscarriage of justice." *People* v. *Jacobs,* 219 Mich. 529.

The so-called variance of which appellant complains was therefore non-prejudicial.

The court did not err in permitting testimony to be introduced in reference to other "intent" transactions. Such testimony is in accordance with the provisions of 3 Comp. Laws 1929, § 17320. *People* v. *Armstrong,* 256 Mich. 191; *People* v. *Dixon,* 259 Mich. 229, and *People* v. *Kolowich,* 262 Mich. 137, and see other authorities therein cited.

The purpose and object of the statute "was to do away with the rule as to proof of other offenses and permit the introduction of such testimony even though it might show or tend to show the commission of another prior or subsequent offense by the defendant." *People* v. *Rose,* 268 Mich. 529, 536.

Defendant's acts as a member of the public body charged with the handling of public funds were laid before a jury under the protection of a proper charge.

Our study of the testimony and the charge of the court indicates that defendant had a fair trial. We discover no reversible error and the judgment is affirmed.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred. NELSON SHARPE, J., did not sit.