### PEOPLE v. DOUGLASS.

1. EMBEZZLEMENT—CLAIM OF RIGHT TO MONEY RETAINED.

In prosecution for embezzlement by defendant of money received by him under contract of sale of machine upon which he held patent rights and which was built by a corporation to which he had assigned all the money to be paid by the buyer thereof, defendant's claim that the money was retained by him under claim of right by virtue of contract relations antedating the mentioned assignment *held*, without merit (Act No. 328, § 174, Pub. Acts 1931).

2. SAME—DEFINITION—FELONIOUS INTENT.

Instruction in prosecution for embezzlement which failed to include element of felonious intent in definition of that crime was insufficient (Act No. 328, § 174, Pub. Acts 1931).

3. SAME—INTENT.

The mere failure to pay over moneys belonging to another, without a felonious intent, is not embezzlement (Act No. 328, § 174, Pub. Acts 1931).

4. SAME—CONVERSION—CONCEALMENT—INTENT.

If property is converted without concealment and under *bona fide* claim of right, conversion is not embezzlement, however un-

founded claim may be, but mere absence of concealment and secrecy is no defense if there is fraudulent intent and no claim of right.

5. SAME—CLAIM OF RIGHT—GOOD FAITH—INTENT—INSTRUCTIONS.

In prosecution for embezzlement, defense that retention of the funds under a claim of right in that assignment of such money to another was effected under duress and therefore void, even though mistaken in point of law, presented issue as to retention under *bona fide* claim of right to do so; hence instruction relative to people's burden of proof which eliminated the essential issue of felonious intent and barred the defense involving intent offered by defendant was reversible error (Act No. 328, § 174, Pub. Acts 1931).

Appeal from Berrien; Brown (William), J., presiding. Submitted April 11, 1940. (Docket No. 118, Calendar No. 40,890.) Decided June 3, 1940.

Frank J. Douglass was convicted of embezzlement. Defendant appeals. Reversed and new trial granted.

*Thomas Read,* Attorney General, and *Robert P. Small,* Prosecuting Attorney, for the people.

*Charles W. Gore,* for defendant.

WIEST, J.  Defendant was convicted of the crime of embezzlement and sentenced. Upon appeal he alleges 20 errors, one of which and its counterparts, has merit.

The information charged that defendant, as agent and employee of the St. Joe Machines, Inc., fraudulently converted to his own use $4,000 in money belonging to that company. It appears that defendant had a patent license covering a pipe-cutting machine and entered into contract with the machines company to build the machine under his supervision and advance him money for expenses of traveling and selling the same. During the first year one machine was

sold and, after the company received some of the proceeds, defendant was found indebted to the company to the amount of $2,500, and was without means to make payment. Thereupon defendant, by another contract, gave the company the right to manufacture and sell the machines until the profits would liquidate any indebtedness due the company. Subsequently defendant obtained an order from the York Ice Machinery Company at a price of $5,500. This was the second machine sold. The president of the St. Joe company demanded that defendant assign to that company all the money to be paid by the York company and stated the machine would not be shipped otherwise. Defendant, after demur, made the assignment and was given an agency appointment in order to collect payment from the York company. At that time defendant owed the St. Joe company $6,579.82. The machine was shipped to York, Pennsylvania, and installed by defendant and the York company paid $5,500 to defendant. Defendant tendered his check for $2,500 to the St. Joe company, which was refused, and demand made for $4,000. Upon defendant's refusal to pay the $4,000 and his assertion that the assignment was under duress and void, he was charged with embezzlement of $4,000.

On appeal defendant contends that his motion for a directed verdict, on the ground that the proofs did not show any violation of law, should have been granted, inasmuch as the money was retained by defendant under claim of right by virtue of contract relations, antedating the mentioned assignment. There is no merit in this claim.

Error is assigned upon the following instruction:

"As I have said, this offense that is charged is that of embezzlement and a simple definition of embezzlement is the illegal and wrongful appropriation of the money intrusted to one's care, and to appropriate

means to take to one's self, or to use, in one's own personal way," the claim being that this definition leaves out the essential element of felonious intent.

The charge against defendant involved felonious intent on his part, and the jury should have been so instructed. It was not sufficient merely to read to the jury the statutory provision relative to embezzlement. Act. No. 328, § 174, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-174, Stat. Ann. § 28.371).

Defendant claimed that the assignment of his right to the money was under duress and, therefore, void and he offered the company the amount due it and kept only what he was entitled to retain under the previous contract.

This claim of right, if *bona fide,* though unfounded in point of law, had bearing upon the question of his felonious intent.

In *American Life Insurance Co.* v. *United States Fidelity & Guaranty Co.,* 261 Mich. 221, we said:

"An essential of the crime (embezzlement) is a felonious or fraudulent intent.    *    *    *

"The mere failure to pay over moneys belonging to another, without a felonious intent, is not embezzlement. *People* v. *Hurst,* 62 Mich. 276; *Fleener* v. *State,* 58 Ark. 98 (23 S. W. 1)."

We there quoted with approval the following from 20 C. J. p. 436:

"If property is converted without concealment, and under a *bona fide* claim of right, the conversion is not embezzlement, however unfounded the claim may be. The mere absence of concealment and secrecy, however, is no defense, if there is a fraudulent intent, and no claim of right."

To like effect see 18 Am. Jur. p. 586, § 27.

The question is not whether the assignment was under duress, rendering it void, but whether defend-

ant, in good faith, even though mistaken in point of law, retained the money under assertion of *bona fide* claim of right to do so.

The trial judge not only failed so to instruct the jury but gave the following erroneous and prejudicial charge:

"So the question for you to decide is, have the people satisfied you beyond a reasonable doubt and to a moral certainty that their claims made against Mr. Douglass have been sustained. That is, did he assign his interest in the proceeds from this machine to the St. Joe Company. Did they, in turn, make him their agent to collect it and did he collect the proceeds, $5,500, and did he fail to pay $4,000 of it at least over to the St. Joe Company. If the people have satisfied these four elements beyond a reasonable doubt and to a moral certainty you will find the respondent guilty as charged. If they have failed so to satisfy you, your verdict would be not guilty."

This instruction eliminated the essential issue of felonious intent and barred the defense involving intent offered by defendant.

The conviction is reversed and a new trial granted.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.