PEOPLE *v.* JUSTUS

1. AUTOMOBILES—POSSESSION OF STOLEN AUTOMOBILE—CONSTITU-
TIONAL LAW.

The statute prohibiting having possession of a stolen motor
vehicle is not constitutionally infirm since it neither offends
against the constitutional requirement that no law embrace
more than one object which shall be expressed in its title,
nor is it so vague as to be unconstitutional as a violation of
due process (Const 1963, art 4, § 24; MCLA § 257.1 *et seq.*
§ 257.254).

2. INDICTMENT AND INFORMATION.

An information need not indicate the particular section or even
the statute upon which a charge rests.

3. AUTOMOBILES—POSSESSION OF STOLEN AUTOMOBILE—INDICTMENT
AND INFORMATION.

Defendant was informed against under the same statute under
which he was sentenced where he was convicted of knowingly
having possession of a stolen motor vehicle and the informa-
tion had charged that defendant did knowingly have in his
possession a certain motor vehicle stolen from another person
(MCLA § 257.254).

4. CRIMINAL LAW—ASSISTANCE OF COUNSEL—ADEQUACY.

Contention of defendant that he was denied affective representa-
tion of counsel was without merit where there was no showing
of a lack of diligence on competence of counsel so as to
reduce the trial to a farce or a sham and all of defense
counsel's action were tactically justifiable.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 7 Am Jur 2d, Automobiles and Highway Traffic § 340.
[2] 41 Am Jur 2d, Indictments and Informations § 88.
[3] 21 Am Jur 2d, Criminal Law § 531.
[4] 21 Am Jur 2d, Criminal Law § 315.
[5] 53 Am Jur, Trial § 1123.

5. CRIMINAL LAW—NON-INJURY TRIAL—EVIDENCE—WEIGHT.
    A trial court, in a non-jury criminal case, may give such weight
    to testimony as it deems proper.

6. AUTOMOBILES—POSSESSION OF STOLEN AUTOMOBILE—EVIDENCE—
    ADMISSIBILITY.
    Testimony concerning a number of ignition keys and a "hot-
    wire" was clearly relevant to a charge of possession of a
    stolen vehicle and there was no prejudice in its admission.

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 June 16, 1970,
at Detroit. (Docket No. 7,055.) Decided July 31,
1970. Reversed October 27, 1970. 384 Mich 772.

William Justus was convicted of knowingly pos-
sessing a stolen motor vehicle. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief Appellate Lawyer, and *Gerard A. Poehlman,*
Assistant Prosecuting Attorney, for the people.

*Renne, Welter & Wright,* for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and
O'HARA,* JJ.

PER CURIAM. On November 15, 1967, in the city of
Detroit, defendant was arrested and subsequently
charged with the crime of knowingly having posses-
sion of a stolen motor vehicle. MCLA § 257.254
(Stat Ann 1968 Rev § 9.1954). Following arraign-
ment, defendant, through his attorney, waived a

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

preliminary examination. A jury trial was also waived and the case was heard on December 10, 1968, resulting in a conviction of the crime as charged.

Defendant has raised a number of issues on appeal. The first challenges the constitutionality of the applicable statute, MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954). We set it forth:

"Any person who shall knowingly make any false statement of a material fact, either in his application for the certificate of title herein provided for, or in any assignment thereof, or who, with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his possession any motor vehicle which he knows or has reason to believe has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, shall be deemed guilty of a felony and upon conviction shall be punished by a fine of not more than $5,000.00 or by imprisonment in any penal institution within the state for not more than 10 years, or both, in the discretion of the court. This provision shall not be exclusive of any other penalties prescribed by any law for the larceny of the unauthorized taking of a motor vehicle."

On oral argument counsel argued with vigor and persuasion that the act in question offends against the constitutional requirement that no law embrace more than one object which shall be expressed in its title.[1] His precise point is that under the involved statute an essential element of proof, in addition to having possession of a vehicle with knowledge or reason to believe that it was stolen, is the intent to pass title thereto. This, counsel argues, is necessary

---

[1] Const 1963, art 4, § 24.

because the title of the act recites as its purpose "to provide for the registration, titling, sales and *transfer,* and regulation of vehicles operated upon the public highways of this state."[2]   (Emphasis supplied.)

Be it said to counsel's credit that he furnishes a most comprehensive brief in support of his position. Equally exhaustive is the brief of the prosecuting attorney in reply.  We have studied both briefs attentively.

We feel we are bound by the oft-repeated Supreme Court holding most recently expressed in *City of Gaylord* v. *Gaylord City Clerk* (1966), 378 Mich 273. There the court approved again the language of Justice Cooley stating the controlling principle:

"It [the cited constitutional provision] ought to be construed reasonably, and not in so narrow and technical a sense as unnecessarily to embarrass legislation."   (p 288.)

So construed, we are obligated to hold that the statute is not constitutionally infirm.

Defendant additionally argues that the phrase "with reason to believe has been stolen" is so vague as to be unconstitutional as a violation of due process.

The point is more ingenious than substantial. Proof of actual knowledge might well become a stumbling block for the conscientious juror as a trier of fact.  We think it a valid legislative option to include a test which is provable from extrinsic evidence of all the circumstances under which the property came into the possession of the accused, leaving the reasonable inferences therefrom to be drawn by the trier of the facts.  Words are the only vehicle by

---

[2] PA 1949, No. 300 as amended (MCLA § 257.1 *et seq.* [Stat Ann 1968 Rev § 9.1801 *et seq.*]).

which a legislature can define an offense. Courts would render nugatory all legislative effort by requirements of sematic precision unattainable by mere mortals.

Defendant also contends that he was convicted of a crime not described in the information and that if any punishment was to be given it should have been pursuant to MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803). In pertinent part that statute reads:

"Any person who shall buy, receive or aid in the concealment of any stolen, embezzled or converted money, goods or property knowing the same to have been stolen, embezzled or converted, if the property purchased, received or concealed exceed the value of $100.00, shall be guilty of a felony."

The information was on a standard form and recited:

"William Justus  *  *  *  did knowingly have in his possession a certain motor vehicle  *  *  * stolen from Richard Ruchinski  *  *  *  said William Justus  *  *  *  knowing and having good reason to believe the said vehicle being stolen  *  *  * contrary to the form of the statute  *  *  *  ."

In the lower left-hand corner of the information there is printed "Note—See Sec." and then typewritten is the following "257.254 Act 300 P.A. 1949." On the reverse side there appears (printed) "Information for" and (typed) "knowingly in possession of stolen motor vehicle."

It is well-settled that an information need not indicate the particular section nor even the statute upon which the charge rests. The Supreme Court discussed the point in *People* v. *Hopper* (1936), 274 Mich 418. Specifically the Court said:

"The information filed * * * charges appellant with a violation of the law * * * . Its language is applicable to both sections * * * of the Michigan penal code * * * ."

* * *

"It is difficult to understand how defendant was harmed when the trial court held the people to a *higher* degree of proof." *Hopper, supra,* 421, 423. (Emphasis supplied.)

In the instant case, as in *Hopper,* the information by its words charged an offense under MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803), catchlined as "Receiving or concealing stolen property." The penalty for the first offense thereunder is imprisonment for not more than five years or a fine of not more than $2,500. The language of the information also charges an offense under MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954). This statute specifies the property, *viz.*: a motor vehicle, and as it appears earlier herein, makes it unlawful to have in possession that specific item of property with guilty knowledge or reason to believe it was stolen.

We think, in all fairness to defendant, he could not have been misled. The section number of the information refers to the specific stolen motor vehicle statute, and the description in the body of the information is of a particular motor vehicle. Upon arraignment the court said:

"You are charged with the offense of having knowingly in your possession a stolen motor vehicle."

We find and hold that defendant was informed against under the same statute under which he was sentenced. It was not improper to use MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).

Defendant further contends that he was denied effective representation of counsel. Following the standards set forth in *People* v. *Crawford* (1969), 16 Mich App 92, there is no showing of a lack of diligence or competence of counsel so as to reduce the trial to a farce or a sham. All of defense counsel's actions were tactically justifiable.

Defendant contends that the prosecution did not sustain the required burden of proof because there was not sufficeint evidence to support a finding that he had in his possession a motor vehicle which he knew or had reason to believe had been stolen. There was enough evidence, if believed, for the trial court to make its decision. The court may give such weight to testimony as it deems proper. *People* v. *Doris White* (1965), 2 Mich App 104.

Finally, defendant alleges prejudice in that the trial court improperly admitted testimony of other crimes not charged in the information. The challenged testimony concerned a number of ignition keys and a "hot-wire". It was clearly relevant to the charge of possession of a stolen vehicle and there was no prejudice in its admission.

Finding no reversible error, the decision of the trial court is affirmed.