· PEOPLE v KALBFLEISCH

1. EMBEZZLEMENT—PUBLIC OFFICERS—ELEMENTS OF CRIME.

   The elements of the offense of embezzlement by a public officer are: (1) the receipt of public moneys by a public official entitled to receive them; (2) the appropriation of moneys, knowing them to be public moneys, to a use which, as a matter of law, is unauthorized; and (3) the failure or refusal to pay over the money which he ought to have on hand (MCLA 750.175).

2. EMBEZZLEMENT—PUBLIC OFFICERS—STATUTES—ELEMENTS OF CRIME.

   The statute on embezzlement by a public officer requires a showing that a defendant knowingly and unlawfully appropriated tax moneys for his own use, or the use of another, and that he failed, neglected, or refused to account for them on demand or to pay over and deliver them to his successor; and in the absence of a showing of all of these elements on the record at the close of the people's case, it was reversible error for the trial court to deny the defendant's motion for a directed verdict (MCLA 750.175).

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 2 March 15, 1973, at Lansing. (Docket No. 13892.) Decided March 28, 1973.

Ina Kalbfleisch was convicted of embezzlement. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin E. Clements,*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 26 Am Jur 2d, Embezzlement §§ 34, 35.
   Statutes relating to embezzlement or other offense in respect of public money with safekeeping of a public officer is charged, as applicable to employee or subordinate, 144 ALR 597.

Prosecuting Attorney, and *Edward B. Meth,* Assistant Prosecuting Attorney, for the people.

*Drillock & Atkins,* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

QUINN, P. J. A jury found defendant guilty of embezzlement, MCLA 750.175; MSA 28.372. She was sentenced and she appeals.

Defendant first claims that it was reversible error for the trial court to deny her motion for a directed verdict of not guilty made at the close of the people's case.

The statute reads:

"Any person holding any public office in this state, or the agent or servant of any such person, who knowingly and unlawfully appropriates to his own use, or to the use of any other person, the money or property received by him in his official capacity or employment, of the value of 50 dollars or upwards, shall be guilty of a felony * * * .

"In any prosecution under this section the failure, neglect or refusal of any public officer to pay over and deliver to his successor all moneys and property which should be in his hands as such officer, shall be prima facie evidence of an offense against the provisions of this section."

In *People v Glazier,* 159 Mich 528, 546 (1910), the Supreme Court set forth the elements of the offense:

"(1) The receipt of public moneys by a public official entitled to receive them.

"(2) The appropriation of moneys, knowing them to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

be public moneys, to a use which, as a matter of law, is unauthorized.

"(3) The failure or refusal to pay over the money, which he ought to have on hand."

Thereafter the Supreme Court said:

"In our opinion it was the intention of the legislature to provide that any public officer, who devoted the public funds in his custody and control to any other purposes than those to which the law authorized their appropriation, must account for them to his successor, or be guilty of a felony, no matter how good his intentions may have been. [Citing a case.] Under this statute the public officer uses the public funds for an unauthorized purpose at his peril. If he is able to account for them at the proper time, he incurs no criminal responsibility under this statute, however bad his motives, but can only be prosecuted for the offense described in section 1201, or under the general embezzlement statute. If he is unable to account, he is criminally responsible, however good his motives."

The record at the close of the people's case established the following:

1. Defendant was a township treasurer. As such, she and two others received and receipted for township tax moneys.

2. Defendant and one other deposited tax moneys in the township bank account.

3. A substantial discrepancy was established between the cash shown on original deposit slips retained by the bank and the copies thereof retained by defendant and the deposit entries in the township bank passbook. Alteration of the amount of cash deposits shown on the copies of deposit slips retained by defendant were shown, but by whom the alterations were made was not shown.

4. What became of the tax money shortage is not shown.

We read the statute to require a showing that defendant knowingly and unlawfully appropriated tax moneys for her own use, or the use of another, and that she failed, neglected, or refused to account for them on demand or to pay over and deliver them to her successor. None of these elements are established on the record at the close of the people's case. It was reversible error to deny defendant's motion for directed verdict.

In addition, the evidence against defendant was circumstantial. The burden of the prosecution was to prove that there is no innocent theory possible which will, without violation of reason, accord with the facts, *People v Davenport,* 39 Mich App 252, 256 (1972). We have grave doubts that this burden was met on a record which shows two other people handling tax money and one of those also banking it.

The result reached obviates discussion of the other issues raised.

Reversed.

All concurred.