## PEOPLE v PATRICIA JONES

Docket No. 112404. Submitted January 17, 1990, at Lansing. Decided March 19, 1990.

Patricia Jones, a member of the Muskegon Heights City Council, was charged in Muskegon Circuit Court with the felony offense of embezzlement by a public official for allegedly appropriating for her own use $689.50 advanced to her by the City of Muskegon Heights to cover expenses at a conference she failed to attend. Defendant reimbursed the city for the full amount in question five days after being charged with the offense. The court, Michael E. Kobza, J., in a pretrial opinion and order, ruled that a demand and a failure, neglect or refusal to account for funds entrusted to a public official are essential elements of the offense of embezzlement by a public official. The people appealed by leave granted.

The Court of Appeals *held:*

The statute under which defendant was charged, MCL 750.175; MSA 28.372, does not require proof of a demand and a failure to account for funds entrusted. The prosecution need only prove that (1) defendant either held public office or was the agent or servant of such official, (2) she received money or property in her official capacity or employment, (3) she appropriated this money or property to her own use or the use of some other person, (4) she did so knowingly and unlawfully, and (5) the money or property was at least $50 in value.

Reversed.

EMBEZZLEMENT — EMBEZZLEMENT BY A PUBLIC OFFICIAL — CRIMINAL LAW.

Conviction for the felony offense of embezzlement by a public official does not require proof of a demand and a failure, neglect or refusal to account for funds entrusted to the public official; to establish an offense, the prosecution need only prove that (1) defendant either held public office or was the agent or servant of such officer, (2) he received money or property in his official capacity or employment, (3) he appropriated this money

REFERENCES

Am Jur 2d, Embezzlement §§ 34, 35.

or property to his own use or the use of some other person, (4) he did so knowingly and unlawfully, and (5) the money or property was at least $50 in value (MCL 750.175; MSA 28.372).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Victor A. Fitz,* Assistant Prosecuting Attorney, for the people.

Before: SHEPHERD, P.J., and MAHER and SULLIVAN, JJ.

SULLIVAN, J. The people appeal by leave granted from a circuit court opinion and order ruling that a demand and a failure, neglect or refusal to account for funds entrusted to a public official are essential elements of the offense of embezzlement by a public official, MCL 750.175; MSA 28.372. We reverse.

Defendant was an elected member of the Muskegon Heights City Council. On March 11, 1988, the city gave her a check for $689.50 to cover expenses for attending an upcoming conference. According to the evidence presented at the preliminary examination on June 13, 1988, defendant cashed the check, used the money to cover a medical emergency and did not attend the conference.

On June 1, 1988, the prosecutor charged defendant with embezzlement by a public official of more than $50 under MCL 750.175; MSA 28.372:

> Any person holding any public office in this state, or the agent or servant of any such person, who knowingly and unlawfully appropriates to his own use, or to the use of any other person, the money or property received by him in his official capacity or employment, of the value of 50 dollars or upwards, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by fine of not more than 5,000 dollars.

In any prosecution under this section the failure, neglect or refusal of any public officer to pay over and deliver to his successor all moneys and property which should be in his hands as such officer, shall be prima facie evidence of an offense against the provisions of this section.

Five days after she was charged with embezzlement, defendant reimbursed the city for the expense money advanced to her.

We do not believe that the embezzlement statute at issue requires the prosecutor to prove, as elements of the offense, a demand and failure to pay on demand. Our Supreme Court has addressed this issue and ruled that a demand is not necessary under § 175. *People v Hopper,* 274 Mich 418, 422; 264 NW 849 (1936). Such matters as refusal to pay at the time provided by contract or on demand, or demand or lack of demand are not, the *Hopper* Court noted, elements of the offense of embezzlement, but are merely circumstances bearing upon intent. *Id.,* pp 422-423, quoting from *American Life Ins Co v United States Fidelity & Guaranty Co,* 261 Mich 221, 224-225; 246 NW 71 (1933). Nor do we believe that the prosecutor must prove as an element of the offense the public official's failure or refusal to pay over and deliver to his successor the money which should be in his hands as an official. The second paragraph of § 175 merely creates a presumption of one fact from another which has already been established. *People v Rafalko,* 26 Mich App 565, 570; 182 NW2d 732 (1970). In discussing the statute at issue, our Supreme Court has stated: "The intention of the statute was to prevent any public official from using money or property coming to him in his official capacity for any other purpose than the purpose for which it came to him. If he does knowingly use it, or

permit others to do so, for other purposes than the one for which it was intrusted to him, then he comes within the provisions of the statute." *People v Warren,* 122 Mich 504, 521-522; 81 NW 360 (1899).

Moreover, in analyzing a provision in the statute governing embezzlement by an agent or servant, MCL 750.174; MSA 28.371, which is similar to the second paragraph in § 175, for an equal protection violation the panel in *Rafalko* stated:

> While such an argument is truly novel, a careful consideration of the presumption itself has been ignored. Underlying the entire thesis is the supposition that an alleged embezzler capable of returning the money may escape legal consequences for his crime. We do not so read the statute. *The first section of the statute is complete in itself.* The requirement of intent is provable in the same manner as any statute requiring intent. The facts of the case at hand reveal that no advantage is given the purported embezzler who is able to return the monies taken upon demand. *The fact that these monies are returned does not allow an individual to escape prosecution and conviction, for he can be prosecuted under the first paragraph of the statute without the aid of the presumption.* The second paragraph is not an exculpatory clause allowing escape from prosecution if restitution is made. [26 Mich App 570. Emphasis added.]

See also *People v Matthews,* 289 Mich 440, 451; 286 NW 675 (1939), and *People v Butts,* 128 Mich 208, 214; 87 NW 224 (1901).

We believe that the *Rafalko* panel's interpretation of the statute governing embezzlement by an agent or servant is correct and can be extended to the statute at issue in this case. A defendant can be prosecuted under the first paragraph of the statute without the aid of the presumption in the

second paragraph. The standard jury instruction also follows that interpretation.[1]

In ruling that a demand and failure to pay on demand are elements of embezzlement by a public official, the trial court relied on *People v Kalbfleisch,* 46 Mich App 25; 207 NW2d 428 (1973). The panel in *Kalbfleisch* ruled that § 175 requires a showing that a defendant failed, neglected, or refused to account for money on demand or to pay over and deliver the money to his or her successor. *Id.,* p 28. *Kalbfleisch* is wrong, in part, because it is directly contrary to *Hopper.* No demand is necessary. *Hopper, supra,* p 422. In addition, *Kalbfleisch* derived the demand and refusal requirement from *People v Glazier,* 159 Mich 528, 546; 124 NW 582 (1910). But *Glazier* does not require a demand and refusal. *Glazier* does, however, list as an element of embezzlement by a public official the failure or refusal to pay over money which the official should

---

[1] The pertinent standard jury instruction, CJI 27:2:01, provides:

(1) The defendant is charged with the crime of embezzlement by a public official. Any person holding public office in this state, or the agent or servant of such person, who knowingly appropriates money or property valued at $50 or more to his own use or to the use of any other person is guilty of this crime.

(2) The defendant pleads not guilty to this charge. To establish this charge the prosecution must prove each of the following elements beyond a reasonable doubt.

(3) First, that the defendant either held public office or was the agent or servant of such officer.

(4) Second, that he received money or property in his official capacity or employment.

(5) Third, that he appropriated this money or property to his own use or to the use of some other person.

(6) Fourth, that he did so knowingly and unlawfully. Knowingly means that the defendant knew the property [money] was public property. Unlawfully means that the defendant used the property [money] for an unauthorized purpose. It is charged that the defendant used the property [money] for [other than public purposes]. Such use of public property [money] is unauthorized.

(7) Fifth, that the property [money] was valued at $50 or more.

have on hand. *Id.,* p 546. In light of pronouncements in more recent Supreme Court decisions, see *Hopper, supra,* and *Matthews, supra,* we do not believe that *Glazier* is controlling. Therefore, we conclude that the trial court erred by ruling that a demand and a failure to account for funds entrusted to a public official are elements which the prosecutor must prove. The standard jury instruction, CJI 27:2:01, correctly states the law.

Reversed.