# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JESSICA JOANNE LINDSEY,

        Defendant-Appellant.

UNPUBLISHED
February 17, 2015

No. 318426
Wayne Circuit Court
LC No. 13-003098-FH

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right her jury-trial conviction of embezzlement by an agent or trustee of $1,000 or more but less than $20,000, MCL 750.174(4)(a). The trial court sentenced defendant to three years' probation. We affirm.

Defendant first argues that there was insufficient evidence to support her conviction. We disagree. We review de novo challenges to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). The evidence is viewed in the light most favorable to the prosecution to determine whether a rational trier of fact could determine that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). This Court must draw all reasonable inferences in support of the jury's verdict. *People v Bulls*, 262 Mich App 618, 623-624; 687 NW2d 159 (2004).

The elements of embezzlement by an agent or trustee are:

> (1) the money in question must belong to the principal, (2) the defendant must have a relationship of trust with the principal as an agent or employee, (3) the money must come into defendant's possession because of the relationship of trust, (4) the defendant dishonestly disposed of or converted the money to [her] own use or secreted the money, (5) the act must be without the consent of the principal, and (6) at the time of the conversion, the defendant intended to defraud or cheat the principal. [*People v Lueth*, 253 Mich App 670, 683; 660 NW2d 322 (2002).]

The prosecution must also prove that $1,000 or more but less than $20,000 was embezzled. MCL 750.174(4)(a).

-1-

When viewed in a light most favorable to the prosecution, the evidence adduced at trial was sufficient to convict defendant of embezzlement. The prosecution presented evidence that defendant was employed at 7-Eleven as a manager. She worked at the store for four years and was responsible for operating the cash register to complete sale and refund transactions. She also had access to the safe and to other employees' identification numbers. As a manager, defendant was responsible for transporting the money from the safe into the backroom. In the backroom, she counted the money from the safe and reconciled the cash report. From this evidence, the jury could have determined beyond a reasonable doubt that the money in question belonged to 7-Eleven. The jury could have additionally determined beyond a reasonable doubt that defendant had a relationship of trust with 7-Eleven as an employee and that the money came into her possession because of that relationship.

The prosecutor also presented sufficient evidence for a reasonable jury to conclude that defendant converted the funds for her own use, acted without her employer's consent when doing so, and intended to defraud her employer. The prosecutor presented documentary evidence in the form of a transaction summary spreadsheet, duplicate receipts, and cash reports that revealed that defendant conducted numerous refund transactions between April 2012 and September 2012 in an amount in excess of $3,000.

The prosecutor also presented video footage that showed defendant operating the cash register and conducting the questioned refunds on the same days that were flagged by the loss prevention software. The video footage revealed that there were no customers present at defendant's cash register when she conducted the refunds. During each refund, the cash register drawer opened and defendant quickly closed the drawer without taking any money. Following each transaction, the register produced a receipt that defendant balled up and threw aside. The video footage further showed defendant operating the cash register and completing refunds on September 6, 2012. The documentary evidence indicated that the refunds completed on September 6, 2012, were generated by employee number 28; however, the video footage clearly showed defendant operating the cash register on this day. The prosecutor presented evidence that defendant, as a manager, had access to other employees' identification information. While the videos failed to show defendant taking the money from the cash register, the prosecutor argued that defendant took the money after she transported the money from the safe to the backroom. Evidence established that defendant counted the money from the safe in the backroom where there were no cameras.

At trial, defendant acknowledged that she completed the suspicious refunds. While she asserted that she completed the refunds to correct errors in the cash report, the prosecutor presented evidence that defendant's employer was unaware of any alleged errors with the cash report. Her employer also testified that generating a refund was not the appropriate procedure to correct an error in the cash report. The prosecutor also presented the cash reports. Despite defendant's contention that she did not take the money refunded, the cash reports failed to show overages in amount of the alleged refunds.

The jury could reasonably determine from this evidence that, between April 2012 and September 2012, defendant converted over $3,000 of the store's money for her own use, acted without consent when doing so, and intended to defraud the store. Although defendant asserts that the evidence was not sufficiently credible to support her conviction, the jury was entitled to

weigh the credibility of the evidence and decide what evidence to accept. This Court will not interfere with the jury's determinations of credibility, and the jury was entitled to rely on circumstantial evidence to find that the elements of the offense had been proven beyond a reasonable doubt. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008); *People v Taylor*, 275 Mich App 177, 179; 737 NW2d 790 (2007). Viewed in a light most favorable to the prosecution, the evidence was sufficient to sustain defendant's embezzlement conviction.

Defendant also contends that the trial court erred by denying her request for a jury instruction on embezzlement by an agent or trustee of $200 or more but less than $1,000. We disagree. We review de novo a claim of instructional error and consider the instructions as a whole to determine whether an error occurred. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). However, we review for an abuse of discretion the trial court's decision regarding the applicability of a jury instruction to the facts of a specific case. *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003).

When a defendant requests a jury instruction on a lesser offense, the trial court must provide the instruction if the instruction is on a necessarily included lesser offense and a rational view of the evidence supports it. MCL 768.32(1); *People v Cornell*, 466 Mich 335, 354-355; 646 NW2d 127 (2002), overruled in part on other grounds by *People v Mendoza*, 468 Mich 527 (2003). The elements of embezzlement by an agent or trustee are set forth in MCL 750.174 and extensively analyzed in *Lueth*, 253 Mich App at 683. The primary difference between the most severe misdemeanor and the least severe felony versions of embezzlement by an agent or trustee is the amount embezzled. MCL 750.174(3)(a) assigns the value range of "$200 or more but less than $1,000" to the misdemeanor crime while MCL 750.174(4)(a) requires "$1,000 or more but less than $20,000" for the felony crime. As the commission of the felony subsumes the commission of the misdemeanor, the misdemeanor is a necessarily included lesser offense of the felony.

Nevertheless, the trial court did not abuse its discretion because a rational view of the evidence did not support the instruction on the misdemeanor offense. The prosecutor presented evidence that the amount at issue was $3,020. This was adequately supported by the transaction summary spreadsheet and the copies of the receipts provided to the jury. There was also video footage of defendant operating the cash registers on six of the dates flagged by the loss prevention software. Furthermore, defendant admitted to performing all the refunds without the knowledge or permission of her supervisor and she never refuted the amount of money at issue. The evidence at trial showed that the money at issue amounted to $3,020; thus, it was more than $1,000.

Defendant suggests that the jury could have found that she only embezzled an amount between $200 and $1,000 because she was "entitled to set off the $2,677.00 the U.S. Department of Labor found that she was owed by her employer in the form of back wages against the $3,100.00 [sic] that she was alleged to have embezzled from it, and, thus that she actually only embezzled $423.00." This argument is unavailing. While defendant presented evidence that the United States Department of Labor made a determination that her employer owed her back wages in the amount of $2,677, there was simply no evidence that she was permitted to resort to self help by taking $2,677 from her employer in secret. To the contrary, the evidence showed that the $3,020 belonged to the store at all times. Had defendant legitimately believed that she

had a right to the $2,677, she would not have concealed her actions and taken the money in secret. See *People v Douglass*, 293 Mich 388, 391; 292 NW 341 (1940). The trial court properly declined to give the misdemeanor embezzlement instruction requested by defendant.

Affirmed.

/s/ Jane M. Beckering
/s/ Kathleen Jansen
/s/ Mark T. Boonstra